IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| ADAPTIVE SPECTRUM AND SIGNAL ALIGNMENT, INC., Plaintiff, v. CHARTER COMMUNICATIONS, INC. et al., Defendants. | CASE NO. 2:24-cv-00124-JRG-RSP |
|---|---|

**FIRST AMENDED DOCKET CONTROL ORDER**

In accordance with the parties' Joint Motion to Amend Docket Control Order (**Dkt. No. 39**), it is ORDERED that the following schedule of deadlines is in effect until further order of this Court:

| Original Deadline | New Deadline | Event |
|---|---|---|
| September 22, 2025 | | *Jury Selection – 9:00 a.m. in **Marshall, Texas** |
| 7 days before Jury Selection | | *Defendant to disclose final invalidity theories, final prior art references/combinations, and final equitable defenses with notice of the same filed with the Court. [1] |

---

[1] The proposed DCO shall include this specific deadline. The deadline shall read, "7 days before Jury Selection," and shall not include a specific date.

| 10 days before Jury Selection | | *Plaintiff to disclose final election of Asserted Claims with notice of the same filed with the Court.[2] |
|---|---|---|
| August 25, 2025 | | *If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.[3] |
| August 18, 2025 | | *Pretrial Conference – 9:00 a.m. in **Marshall, Texas** before Judge Roy Payne |
| August 11, 2025 | | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| August 11, 2025 | | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibit Lists, Updated Witness Lists, and Updated Deposition Designations |

---

[2] Given the Court's past experiences with litigants dropping claims and defenses during or on the eve of trial, the Court is of the opinion that these additional deadlines are necessary. The proposed DCO shall include this specific deadline. The deadline shall read, "10 days before Jury Selection," and shall not include a specific date.

[3] The Parties are referred to the Court's Standing Order Regarding Use of Juror Questionnaires in Advance of *Voir Dire.*

| | | |
|---|---|---|
| August 4, 2025 | | *File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| July 29, 2025 | | File Motions *in Limine*<br><br>The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| July 29, 2025 | | Serve Objections to Rebuttal Pretrial Disclosures |
| July 22, 2025 | | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| July 10, 2025 | | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| June 16, 2025 | | *File Motions to Strike Expert Testimony (including *Daubert* Motions)<br><br>No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |

| | | |
|---|---|---|
| June 16, 2025 | | *File Dispositive Motions<br><br>No dispositive motion may be filed after this date without leave of the Court.<br><br>Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |
| June 10, 2025 | | Deadline to Complete Expert Discovery |
| May 27, 2025 | | Serve Disclosures for Rebuttal Expert Witnesses |
| April 29, 2025 | | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| April 29, 2025 | | Defendants to serve Final Election of Asserted Prior Art pursuant to the Order Focusing Patent Claims and Prior Art to Reduce Costs |
| April 22, 2025 | | Deadline to Exchange Privilege Logs |
| April 15, 2025 | | Plaintiff to serve Final Election of Asserted Claims pursuant to the Order Focusing Patent Claims and Prior Art to Reduce Costs |
| April 15, 2025 | | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| April 9, 2025 | | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| 2 Weeks after Court's Issuance of Claim Construction Order | | Submit Joint Notice Indicating Whether the Case Should be Referred for Mediation |

| | | |
|---|---|---|
| March 19, 2025 | | *Claim Construction Hearing – 9:00am in **Marshall** before Judge Roy Payne |
| March 12, 2025 | | Defendants to serve Preliminary Election of Asserted Prior Art pursuant to the Order Focusing Patent Claims and Prior Art to Reduce Costs |
| March 5, 2025 | | *Comply with P.R. 4-5(d) (Joint Claim Construction Chart) |
| February 26, 2025 | | *Comply with P.R. 4-5(c) (Reply Claim Construction Brief) |
| February 26, 2025 | | Plaintiff to serve Preliminary Election of Asserted Claims pursuant to the Order Focusing Patent Claims and Prior Art to Reduce Costs |
| February 26, 2025 | | Comply with P.R. 4-4 (Deadline to Complete Claim Construction Discovery) |
| February 19, 2025 | | Comply with P.R. 4-5(b) (Responsive Claim Construction Brief). To the extent a party intends to rely on an expert to rebut any proposed construction by the opposing party, the party relying on such expert shall file that expert declaration concurrently with the Responsive Claim Construction Brief in compliance with P.R. 4-3(b). |
| February 5, 2025 | | Comply with P.R. 4-5(a) (Opening Claim Construction Brief) and Submit Technical Tutorials (if any). To the extent a party intends to rely on an expert to support any proposed construction, the party relying on such expert shall file that expert declaration concurrently with the Opening Claim Construction Brief in compliance with P.R. 4-3(b).<br><br>Good cause must be shown to submit technical tutorials after the deadline to comply with P.R. 4-5(a). |

| | | |
|---|---|---|
| January 31, 2025 | | Deadline to Substantially Complete Document Production<br><br>Counsel are expected to make good faith efforts to produce all required documents as soon as they are available and not wait until the substantial completion deadline. |
| January 16, 2025 | | File Response to Amended Pleadings |
| January 2, 2025 | | *File Amended Pleadings<br><br>It is not necessary to seek leave of Court to amend pleadings prior to this deadline unless the amendment seeks to assert additional patents. |
| December 19, 2024 | | Comply with P.R. 4-3(a) (Joint Claim Construction Statement) |
| December 4, 2024 | | Comply with P.R. 4-2 (Exchange Preliminary Claim Constructions) |
| November 13, 2024 | | Comply with P.R. 4-1 (Exchange Proposed Claim Terms) |
| October 21, 2024 | November 15, 2024 | *File Proposed Order Focusing Patent Claims and Prior Art to Reduce Costs<br><br>The Proposed Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| October 7, 2024 | November 1, 2024 | Comply with Standing Order Regarding Subject-Matter Eligibility Contentions[4] |
| October 7, 2024 | November 1, 2024 | Comply with P.R. 3-3, 3-4(b) (Invalidity Contentions) |
| October 7, 2024 | | Comply with P.R. 3-4(a) (Invalidity Contentions) |

---

[4] http://www.txed.uscourts.gov/sites/default/files/judgeFiles/EDTX_Standing_Order_Re_Subject_Matter_Eligibility_Contentions.pdf.

|  | October 4, 2024 | ASSIA serve Amended P.R. 3-1(b)-(d) Infringement Contentions per parties' agreement, limited to claims previously identified by ASSIA in its June 28, 2024 P.R. 3-1 Disclosures |
|---|---|---|
| May 15, 2024 (extended to June 28, 2024 in D.I. 23) |  | Comply with P.R. 3-1 & 3-2 (Infringement Contentions) |
| June 26, 2024 |  | *File Proposed Protective Order and Comply with Paragraphs 1 & 3 of the Discovery Order (Initial and Additional Disclosures)<br><br>The Proposed Protective Order shall be filed as a separate motion with the caption indicating whether or not the proposed order is opposed in any part. |
| June 26, 2024 |  | *File Proposed Docket Control Order and Proposed Discovery Order<br><br>The Proposed Docket Control Order and Proposed Discovery Order shall be filed as separate motions with the caption indicating whether or not the proposed order is opposed in any part. |
| June 5, 2024 |  | Join Additional Parties |

(*) indicates a deadline that cannot be changed without an acceptable showing of good cause. Good cause is not shown merely by indicating that the parties agree that the deadline should be changed.

## ADDITIONAL REQUIREMENTS

**Mediation:** While certain cases may benefit from mediation, such may not be appropriate for every case. The Court finds that the Parties are best suited to evaluate whether mediation will benefit the case after the issuance of the Court's claim construction order. Accordingly, the Court **ORDERS** the Parties to file a Joint Notice indicating whether the case should be referred for mediation **within fourteen days of the issuance of the Court's claim construction order**. As a part of such Joint Notice, the Parties should indicate whether they have a mutually agreeable mediator for the Court to consider. If the Parties disagree about whether mediation is appropriate, the Parties should set forth a brief statement of their competing positions in the Joint Notice.

**Summary Judgment Motions, Motions to Strike Expert Testimony, and *Daubert* Motions:** For each motion, the moving party shall provide the Court with two (2) hard copies of the completed briefing (opening motion, response, reply, and if applicable, sur-reply), excluding exhibits, in D-three-ring binders, appropriately tabbed. All documents shall be single-sided and must include the CM/ECF header. These copies shall be delivered to the Court within three (3) business days after briefing has completed. For expert-related motions, complete digital copies of the relevant expert report(s) and accompanying exhibits shall be submitted on a single flash drive to the Court. Complete digital copies of the expert report(s) shall be delivered to the Court no later than the dispositive motion deadline.

**Indefiniteness:** In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Lead Counsel:** The Parties are directed to Local Rule CV-11(a)(1), which provides that "[o]n the first appearance through counsel, each party shall designate a lead attorney on the pleadings or otherwise." Additionally, once designated, a party's lead attorney may only be changed by the filing of a Motion to Change Lead Counsel and thereafter obtaining from the Court an Order granting leave to designate different lead counsel. The true lead counsel should be designated early and should not expect to parachute in as lead once the case has been largely developed.

**Motions for Continuance:** The following will not warrant a continuance nor justify a failure to comply with the discovery deadline:

(a)   The fact that there are motions for summary judgment or motions to dismiss pending;

(b)   The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c)   The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO"):** Any motion to alter any date on the DCO shall take the form of a motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**Proposed DCO:** The Parties' Proposed DCO should also follow the format described above under "Amendments to the Docket Control Order ('DCO')."

**Joint Pretrial Order:** In the contentions of the Parties included in the Joint Pretrial Order, the Plaintiff shall specify all allegedly infringed claims that will be asserted at trial. The

Plaintiff shall also specify the nature of each theory of infringement, including under which subsections of 35 U.S.C. § 271 it alleges infringement, and whether the Plaintiff alleges divided infringement or infringement under the doctrine of equivalents. Each Defendant shall indicate the nature of each theory of invalidity, including invalidity for anticipation, obviousness, subject-matter eligibility, written description, enablement, or any other basis for invalidity. The Defendant shall also specify each prior art reference or combination of references upon which the Defendant shall rely at trial, with respect to each theory of invalidity. Other than as set forth in the above deadlines, the contentions of the Parties may not be amended, supplemented, or dropped without leave of the Court based upon a showing of good cause. The Parties in a case which has been consolidated for pre-trial purposes and which is moving towards a separate trial on the merits (subsequent to pre- trial) shall file, as an exhibit to the parties' Joint Pretrial Order, a list identifying all docket entries from the lead case that relate to the applicable member case.

**Trial:** All parties must appear in person at trial. All non-individual (including but not limited to corporate) parties must appear at trial through the presence in person of a designated representative. Once they have appeared, any representative of a non-individual party shall not be replaced or substituted without express leave of Court.

**SIGNED this 4th day of October, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE