IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ADAPTIVE SPECTRUM AND SIGNAL ALIGNMENT, INC.<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.<br><br>Defendant. | Case No.: 2:24-cv-124 -JRG-RSP |

**ORDER REGARDING E-DISCOVERY**

The Court **ORDERS** as follows:

1. This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This order may be modified in the Court's discretion or by agreement of the parties.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent agreement of the parties or further Order of this Court, the following parameters shall apply to ESI production:

   A. **General Document Image Format.** Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format, except for documents where production in such format would be impractical (including, for example, large spreadsheets). TIFF files shall be single page and shall be named with a unique

production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. A party may make a reasonable request to produce a document in a PDF or JPEG format if producing it in TIFF format is unduly burdensome; the parties shall thereafter meet and confer concerning the request and agree upon a reasonable approach for the production of said document.

B. **Text-Searchable Documents**. No party has an obligation to make its production text searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C. **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

D. **Confidentiality Designation**. Each image will be stamped with the appropriate confidentiality designations (if any) in accordance with the Protective Order in this matter. Each document produced in native format will have its confidentiality designation identified in the filename of the native file.

E. **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format; the parties

shall thereafter meet and confer concerning the request and, absent reasonable objection, the producing party shall produce the document in its native format.

F. **No Backup Restoration Required**. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

G. **Voicemail and Mobile Devices**. Absent a showing of good cause, persistent chat including but not limited to Slack, Webex, Lync, Skype, and Teams, SnapComms, text messages, call logs or phone records, voicemails, PDAs and mobile phones/devices, log files, back-up media, and legacy systems are deemed not reasonably accessible unduly burdensome to collect, and need not be collected and preserved.

H. **Metadata**. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall include metadata and bibliographic information, if it exists, including at least the following or its equivalent:

| Field Name | Field Description | Hard Copy | E-Mail | Other Elec. Docs. |
|---|---|---|---|---|
| BEGBATES | Beginning Bates number as stamped on the production image | X | X | X |
| ENDBATES | Ending Bates number as stamped on the production image | X | X | X |

| | | | | |
|---|---|---|---|---|
| **BEGATTACH** | **Unique number identifying the first page or first document of a document Attachment(s)** | X | X | X |
| **ENDATTACH** | **Unique number identifying the last page or last document of a document Attachment(s).** | X | X | X |
| **PRODVOLUME** | **Identifies production media deliverable.** | X | X | X |
| **AUTHOR/FROM** | **Author from the properties of the document** | X | X | X |
| **TO** | **Main recipient(s) of the e-mail message** | | X | |
| **CC** | **Recipient(s) of "Carbon Copies" of the e-mail message** | | X | |
| **BCC** | **Recipient(s) of "Blind Carbon Copies" of the e-mail message** | | X | |
| **DATESENT** | **Sent date of an e-mail message** | | X | |
| **CUSTODIAN** | **Name of the custodian(s) of the file(s) produced (last name, first name)** | X | X | X |
| **TITLE** | **Title from properties of document** | | | X |
| **FILENAME** | **Filename of an electronic document (EDO or attachment)** | | | X |
| **DATEMOD** | **Date an electronic document was last modified or created (format: MM/DD/YYYY) (Edoc or attachment)** | | | X |
| **DATECREATED** | **Date the document was created (format: MM/DD/YYYY) (Edoc or attachment)** | | | X |
| Document parent/child relationships should be maintained | | | | |

4

5.     General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

6.     E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific listing of likely e-mail custodians, a specific identification of the fifteen most significant listed e-mail custodians in view of the pleaded claims and defenses,[1] infringement contentions and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court.  Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests (such discovery shall count against the discovery limits specified in the Discovery Order). The court may allow additional discovery upon a showing of good cause.

7.     E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.  Each requesting party shall limit its e-mail production requests to a total of eight custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the court's leave. The Court shall consider contested requests for additional or fewer custodians per

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

producing party, upon showing by the party requesting additional custodians, or the party requesting fewer custodians, of a distinct need based on the size, complexity, and issues of this specific case.

8. Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per producing party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for additional or fewer search terms per custodian, upon showing by the party requesting additional search terms, or the party requesting few search terms, of a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as a party's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

9. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding. For example, the mere production of privilege or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. A producing party may assert privilege or protection over produced documents at any time by notifying the receiving party in writing of the assertion of privilege or protection. In addition, information that contains privileged matter or attorney work product shall

6

be immediately returned if such information appears on its face to have been produced such that the receiving Party knows or reasonably should know the information contains privileged matter or attorney work product.

10. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

11. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**SIGNED this 20th day of November, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE