UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

ADAPTIVE SPECTRUM AND SIGNAL ALIGNMENT, INC.,

    *Plaintiff*,

v.

CHARTER COMMUNICATIONS, INC.,

    *Defendant*.

Case No. 2:24-cv-00124-JRG-RSP

# ORDER

Before the Court is the parties' Joint Motion to Focus Patent Claims and Prior Art. **Dkt. No. 47**. Having examined the Motion, the Court hereby **ORDERS** that Defendant's proposal, as set forth below, is ORDERED in this case[1]:

This Order supplements all other discovery rules and orders. It is intended to streamline the issues in this case to promote a "just, speedy, and inexpensive determination" of this action, as provided by Rule 1 of the Federal Rules of Civil Procedure.

Subject to Court approval, the parties may modify this Order by agreement, but should endeavor to limit the asserted claims and prior art references to the greatest extent possible. Absent agreement, post-entry motions to modify this Order's numerical limits on asserted claims and prior art references must demonstrate good cause warranting the modification. Motions to modify other portions of this Order are committed to the sound discretion of the Court.[2]

---

[1] Plaintiff's request to delay the narrowing phases in order to benefit from PTAB actions on the *inter partes* reviews conflicts with the timing of motion practice on the current trial schedule. If Plaintiff thinks its request justifies a change in the DCO, it can seek such relief.

[2] This Order contemplates that the parties and the Court may further narrow the issues during pretrial proceedings in order to present a manageable case at trial.

By February 26, 2025, Plaintiff shall serve a Preliminary Election of Asserted Claims, which shall assert no more than ten claims from each patent and not more than a total of 32 claims. By March 12, 2025, Defendant shall serve a Preliminary Election of Asserted Prior Art, which shall assert no more than twelve prior art references against each patent and no more than a total of 40 references.[3]

By April 15, 2025, Plaintiff shall serve a Final Election of Asserted Claims, which shall identify no more than five asserted claims per patent from among the ten previously identified claims and no more than a total of 16 claims. By April 29, 2025, Defendant shall serve a Final Election of Asserted Prior Art, which shall identify no more than six asserted prior art references per patent from among the twelve prior art references previously identified for that particular patent and no more than a total of 20 references. For purposes of this Final Election of Asserted Prior Art, each obviousness combination counts as a separate prior art reference.

**SIGNED this 21st day of November, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

---

[3] For purposes of this Order, a prior art instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist.