# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ADAPTIVE SPECTRUM AND SIGNAL ALIGNMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No.: 2:24-cv-124 -JRG-RSP |

## DEFENDANT'S OPPOSITION TO CORRECTED PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S PRODUCTION OF DOCUMENTS

## TABLE OF CONTENTS

**Page**

I. FACTUAL BACKGROUND ....................................................................................................2

II. ARGUMENT .........................................................................................................................4

    A. Charter Complied With P.R. 3-4(a) and Is Continuing to Produce Relevant Technical Documents ....................................................................................................4

    B. Charter Already Agreed to Produce Relevant Marketing, Financial, and Other Damages-Related Documents ...........................................................................6

    C. Charter Already Agreed to Produce Third-Party Documents and Source Code in Its Possession, Custody, and Control ...........................................................7

CONCLUSION .................................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020) ...................................................................................................2

*Connectel, LLC v. Cisco Sys., Inc.*,
   391 F. Supp. 2d 526 (E.D. Tex. 2005) ........................................................................................6

*Linex Techs., Inc. v. Belkin Int'l, Inc.*,
   628 F. Supp. 2d 703 (E.D. Tex. 2008) ........................................................................................6

*Maxell Ltd. v. Apple Inc.*,
   No. 5:19-CV-00036-RWS, 2019 WL 7905454 (E.D. Tex. Nov. 13, 2019) ................................5

*Sol IP, LLC v. AT&T Mobility LLC*,
   No. 218CV00526RWSRSP, 2020 WL 1911388 (E.D. Tex. Apr. 20, 2020) ..............................2

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
   No. 2:17-cv-00456-JRG, 2018 WL 4620634 (E.D. Tex. Apr. 27, 2018) ...................................7

### **Statutes / Rules**

28 U.S.C. § 1404(a) ........................................................................................................................2

Local Patent Rule 3-1 .................................................................................................................2, 4

Local Patent Rule 3-4 ............................................................................................................. 1, 3-5

## TABLE OF ABBREVIATIONS

| | |
|---:|:---:|
| '996 patent | U.S. Patent No. 7,809,996 |
| '398 patent | U.S. Patent No. 10,848,398 |
| '654 patent | U.S. Patent No. 11,050,654 |
| '108 patent | U.S. Patent No. 11,477,108 |
| '313 patent | U.S. Patent No. 11,770,313 |
| ASSIA | Plaintiff Adaptive Spectrum and Signal Alignment, Inc. |
| Charter | Defendant Charter Communications, Inc. |
| Mot. | *Corrected* Plaintiff's Motion to Compel Defendant's Production of Documents |
| PMA | Profile Management Application |

ASSIA's Motion (Dkt. 54[1]) should be denied for several reasons, not the least of which is that the Motion is premature and will be moot before this Court even rules on it. Weeks before ASSIA filed its Motion, Charter confirmed that it was searching for relevant and responsive documents, and that it would endeavor to substantially complete document production in advance of the January 31, 2025 deadline. Dkt. 40. Charter is not withholding P.R. 3-4(a) technical documents or documents responsive to ASSIA's document requests; nor has ASSIA suggested otherwise in its Motion. Indeed, ASSIA does not point to any dispute regarding the scope of Charter's proposed document production—the only issue it raises is that Charter needed to have substantially produced its documents already. But there is no rule requiring Charter to expedite its document production in advance of the deadlines both parties negotiated and agreed to and that this Court entered.

ASSIA's Motion should also be denied because any alleged delay in Charter's document production is due to ASSIA's ongoing failure to provide sufficient infringement contentions. Exs. A-C. ASSIA's contentions are vague, overbroad, and claim that every aspect of Charter's accused products infringes ASSIA's patents. ASSIA's contentions have also been piecemeal, with ASSIA providing serial updates to its contentions in unsuccessful attempts to fix deficiencies—some of which were served on December 17 and 27, 2024, *i.e.*, *after* this Motion was filed. Exs. D-E. Despite these deficiencies, Charter is endeavoring in good faith to supplement its disclosures and productions. But ASSIA cannot complain about the timing of Charter's productions without taking responsibility for its own delays in setting forth clear and specific infringement contentions.

Accordingly, as Charter has already agreed to produce the relevant documents (and to

---

[1] Unless otherwise noted, all docket citations (*i.e.*, "Dkt. __") are to the docket in 2:24-cv-00124.

1

endeavor to do so in advance of the substantial completion deadline), there is no need for the Court to compel Charter to do so. ASSIA's Motion should be denied.

I.     **FACTUAL BACKGROUND**

ASSIA filed its original Complaint in February 2024, accusing Charter's Internet Services of infringing four patents (the '996, '398, '654, and '108 patents). Dkt. 1. Charter filed a motion to dismiss or, in the alternative, to transfer under 28 U.S.C. § 1404(a) on April 29, 2024. 2:24-cv-00029, Dkt. 39. In July 2024, ASSIA filed an Amended Complaint accusing Charter of infringing another patent—the '313 patent—which had issued 10 months earlier, and thus could have been asserted in the original Complaint.[2] 2:24-cv-00029, Dkt. 70. Following venue discovery, on September 13, 2024, Charter refiled its motion to transfer and motion to dismiss. Dkt. 32. That motion is fully briefed and pending resolution from the Court.[3]

After seeking and receiving an extension from Charter, ASSIA served its infringement contentions on June 28, 2024, more than six weeks after they were originally due. 2:24-cv-00029, Dkt. 48; 2:24-cv-00124, Dkt. 23. Even with the extension, ASSIA's contentions were deficient across all 57 asserted claims. The contentions were full of improper catch-all language of the type rejected in this District, and its attempt to broadly accuse all of Charter's products failed to satisfy its obligation to put Charter on notice. Ex. A; *see Sol IP, LLC v. AT&T Mobility LLC*, No. 218CV00526RWSRSP, 2020 WL 1911388, at *3-7 (E.D. Tex. Apr. 20, 2020) (concluding that plaintiff's use of "catch-all language" was contrary to P.R. 3-1(b)). ASSIA's contentions also largely targeted functionality developed and manufactured by third parties (for which ███████████████████████████████████████████████).

---

[2] While the '313 patent is a continuation of the '398 patent, ASSIA asserted claims that required expanding the scope of discovery.
[3] *See In re Apple Inc.*, 979 F.3d 1332, 1337-38 (Fed. Cir. 2020) (holding that a court should not rule on a discovery motion or other non-ministerial tasks while a motion to transfer is pending).

2

ASSIA served amended infringement contentions on October 4, 2024. ASSIA's amended contentions remained deficient and *broadened* the scope of what it accused. On October 22, 2024, Charter wrote ASSIA concerning the ongoing deficiencies and the new deficiencies presented by ASSIA's amendments. Ex. C. ASSIA amended its contentions again on December 17 and 27, 2024—*after* it filed its Motion.  Exs. D-E.

Despite these ongoing deficiencies in ASSIA's contentions, Charter endeavored to provide discovery based on its good faith understanding of the specific features accused of infringing ASSIA's patents. In June 2024, Charter produced documents with third-party manufacturers of the accused products relevant to ASSIA's sweeping allegations.[4] On October 7, 2024, consistent with its obligations under P.R. 3-4(a), Charter produced technical documents and also made available for inspection source code sufficient to show the operation of the PMA and OpenSync functionality that Charter understood ASSIA to be accusing. However, Charter reiterated that it was not in possession of certain ▌

Charter has also been diligently searching for technical, marketing, financial, and other damages-related documents. Charter has never once suggested to ASSIA that it is withholding documents or refusing to produce P.R. 3-4(a) documents or documents responsive to ASSIA's document requests. The parties met and conferred three times between mid-November and early December concerning these issues. On each call, Charter reiterated that it was in the process of gathering and reviewing responsive documents, and that it was endeavoring to produce relevant

---

[4]  In fact, ASSIA has known about the relevant third parties since April (2:24-cv-00029, Dkt. 39), yet it waited six months to serve subpoenas on these third parties for discovery.

3

materials on a rolling basis *in advance* of the January 31, 2025 substantial completion deadline. Charter likewise emphasized that the deficiencies in ASSIA's contentions—and ASSIA's refusal to otherwise narrow its requests—were creating substantial hurdles in Charter's ability to efficiently search for and produce documents relevant to the case. On December 23, 2024, Charter made additional source code available for inspection.

## II.   ARGUMENT

### A.   Charter Complied With P.R. 3-4(a) and Is Continuing to Produce Relevant Technical Documents

ASSIA asks the Court to compel Charter to produce source code and technical documents responsive to Categories 1, 14-15, 17, 21-28, and 41, asserting that Charter failed to comply with its disclosure obligations under P.R. 3-4(a). This is false. P.R. 3-4(a) requires Charter to identify core technical materials that are "*sufficient to show*" the operation of the Accused Instrumentalities identified by ASSIA in its P.R. 3-1(c) chart. P.R. 3-4(a). Notably, P.R. 3-4(a) does not require production of *all* documents regarding the operation of the Accused Instrumentalities prior to the fact discovery deadline. Charter complied with its P.R. 3-4(a) obligations, based on a good faith effort to decipher ASSIA's deficient contentions, by making productions of technical materials on October 7 and November 19, 2024, and by making relevant source code (the most direct source of evidence regarding how the Accused Functionalities work) available for inspection by ASSIA.

ASSIA complains that Charter's productions include publicly available documents (*e.g.*, standards and open-source software). But ASSIA's infringement allegations are based on compliance with standards and open source software, so publicly available documents are, according to ASSIA's own contentions, relevant. As for Charter's non-public technical production, ASSIA fails to mention that these documents—

4

—contain robust disclosures of the accused functionality, including materials for ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. Moreover, as noted, many of ASSIA's contentions are directed to functionality developed by third parties, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇. *See supra* Section I.

With respect to any additional relevant technical materials in Charter's possession, custody, or control, Charter told ASSIA that it will continue to produce or make available for inspection any documents or source code in a timely fashion, including in advance of the substantial completion deadline. To that end, Charter already provided additional source code for ASSIA's inspection on December 23, 2024. Thus, contrary to ASSIA's Motion, Charter is not "unilaterally limit[ing] discovery" or otherwise failing to comply with its obligations under P.R. 3-4(a). Mot. 5. Instead, Charter has been working expeditiously to locate and produce responsive technical documents and source code.

In *Maxell Ltd. v. Apple Inc.*, the court denied a motion to compel the production of documents where the defendant had agreed to produce discovery by the substantial completion deadline; in so ruling, the court noted that "it was unreasonable to expect [the defendant] to produce *all* relevant documents, apart from those provided for in the Local Patent Rules" by the earlier "Additional Disclosure" date set forth in the docket control order. No. 5:19-CV-00036-RWS, 2019 WL 7905454, at *1-2 (E.D. Tex. Nov. 13, 2019). Here, like in *Maxwell*, Charter has stated that it will produce relevant documents *prior to* the substantial completion deadline. And here, like in *Maxwell*, it would be unreasonable (and unnecessary) to compel Charter to complete

discovery earlier than the deadlines set in the Docket Control Order.

As noted above, any delays in Charter's document production are a direct result of ASSIA's failure to serve proper infringement contentions. The Patent Rules, and the stages of disclosures and discovery, are designed to narrow the infringement theories in a case like this.[5] The bulk of technical document production thus typically occurs *after* infringement contentions are served. Where, as here, the patent holder serves deficient contentions, technical document product is necessarily delayed until the issues with the contentions are resolved; Charter has been unable to efficiently target searches for relevant technical documents based on the deficiencies in ASSIA's contentions and ASSIA's delays in addressing those deficiencies. *See supra* Section I. Therefore, ASSIA's Motion as to Categories 1, 14-15, 17, 21-28, and 41 should be denied.

**B.     Charter Already Agreed to Produce Relevant Marketing, Financial, and Other Damages-Related Documents**

ASSIA also seeks to compel Charter to produce marketing, financial and other damages-related documents responsive to Categories 30-35, 63-64, 75-76, and 82. But Charter already agreed to make this production. Charter repeatedly told ASSIA that it would produce its relevant marketing, financial, and other damages-related documents in advance of the January 31, 2025 substantial completion deadline. There is simply no basis to grant a motion to compel where

---

[5] *See Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F. Supp. 2d 703, 707 (E.D. Tex. 2008) ("Serving Infringement Contentions on opposing parties before discovery has begun serves to narrow and focus the subsequent discovery. . . . Therefore, Infringement Contentions must provide particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by mere language of the patent rules themselves.") (quotation marks omitted); *Connectel, LLC v. Cisco Sys., Inc.*, 391 F. Supp. 2d 526, 527 (E.D. Tex. 2005) ("[W]hen parties accuse hundreds of products of infringing hundreds of claims, and only narrow those accusations after discovery, the case staggers for months without clear direction. However, when parties formulate, test, and crystallize their infringement theories before stating their preliminary infringement contentions, as the Patent Rules require, the case takes a clear path, focusing discovery on building precise final infringement or invalidity contentions . . . .").

6

Charter has agreed to produce the requested documents within the deadlines set by the Court's orders, and ASSIA has not even argued otherwise.[6]

Just as it has with its request for technical documents, ASSIA's delay in tailoring its requests to the needs of this case and failure to confer with Charter in good faith are to blame for any delay in the production of marketing, financial, and other damages-related documents. During the parties' meet and confers, ASSIA refused to limit the marketing, financial, and other damages-related documents to the Accused Instrumentalities or Functionalities identified in its contentions (which were already vague), or to identify with any narrower articulation the specific financial information sought.

Therefore, ASSIA's Motion as to Categories 30-35, 63-64, 75-76, and 82 should denied.

**C.   Charter Already Agreed to Produce Third-Party Documents and Source Code in Its Possession, Custody, and Control**

ASSIA's Motion with respect to third-party documents (Category 11) is similarly flawed. ASSIA acknowledges that Charter already produced ████████████████ ████████████████ for the Accused Instrumentalities. Mot. 6. Charter is investigating whether it has additional relevant and responsive documents relating to third parties and intends to produce responsive documents in advance of the substantial completion deadline after obtaining the required third-party approval under Charter's agreements with the third parties. Therefore, ASSIA's Motion with respect to third-party documents should be denied.

## CONCLUSION

For the foregoing reasons, ASSIA's motion should be denied.

---

[6] The sole case cited by ASSIA—*Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-cv-00456-JRG, 2018 WL 4620634, at *2 (E.D. Tex. Apr. 27, 2018)—is easily distinguished. Mot. 6. In that case, unlike here, the defendant only produced 22 pages of discovery and refused to otherwise supplement its production or interrogatory responses.

7

Dated: January 3, 2025                    Respectfully submitted,

*/s/ David Eiseman*
David Eiseman
davideiseman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone: (415) 875-6600
Fax: (415) 875-6700

Deepa Acharya
deepaacharya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 538-8000
Fax: (202) 538-8100

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
Dacus Law Firm
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-1117
Fax: (903) 581-2543

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above document has been served on all counsel of record via email and the Court's ECF system on January 3, 2025.

                                                           /s/ *Elle Xuemeng Wang*
                                                           Elle Xuemeng Wang

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

Pursuant to Local Rule CV-5, I hereby certify that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 22) entered in this case on July 22, 2024.

                                                           /s/ *Elle Xuemeng Wang*
                                                           Elle Xuemeng Wang