IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ADAPTIVE SPECTRUM AND SIGNAL ALIGNMENT, INC.,<br><br>Plaintiff,<br><br>v.<br><br>CHARTER COMMUNICATIONS, INC.,<br><br>Defendant. | Case No.: 2:24-cv-124-JRG-RSP |

**JOINT MOTION TO AMEND THE SECOND DOCKET CONTROL ORDER**

Plaintiff Adaptive Spectrum and Signal Alignment, Inc. ("ASSIA") and Defendant Charter Communications, Inc.[1] ("Charter" and collectively the "Parties") jointly and respectfully request that the Court extend the end of fact discovery and subsequent deadlines, as reflected in the Third Amended Docket Control Order attached hereto.

Specifically, the Parties seek to extend the deadlines for (1) the Parties to Complete Fact Discovery and File Motions to Compel Discovery, from April 15, 2025 to May 13, 2025; (2) ASSIA to serve its Final Election of Asserted Claims pursuant to the Order Focusing Patent Claims and Prior Art to Reduce Costs, from April 15, 2025 to May 13, 2025; (3) the Parties to Exchange Privilege Logs, from April 22, 2025 to May 20, 2025; (4) Charter to serve its Final Election of Asserted Prior Art pursuant to the Order Focusing Patent Claims and Prior Art to Reduce Costs, from April 29, 2025 to May 20, 2025; (5) the Parties to Serve Disclosures for

---

[1] ASSIA agreed to dismiss its claims against Defendants Charter Communications Operating, LLC, Charter Communications Holding Company, LLC, and Spectrum Management Holding Company, LLC in this case. Dkt. 80 in Case No. 2:24-cv-00029-JRG-RSP.

1

Expert Witnesses by the Party with the Burden of Proof, from April 29, 2025 to May 20, 2025; (6) the Parties to Serve Disclosures for Rebuttal Expert Witnesses, from May 27, 2025 to June 20, 2025; (7) the Parties to Complete Expert Discovery, from June 10, 2025 to July 1, 2025; (8) the Parties to File Dispositive Motions, from June 16, 2025 to July 8, 2025; (9) the Parties to File Motions to Strike Expert Testimony, from June 16, 2025 to July 8, 2025; (10) the Parties to Serve Pretrial Disclosures, from July 10, 2025 to July 15, 2025; (11) the Parties to Serve Objections to Pretrial Disclosures and Serve Rebuttal Pretrial Disclosures, from July 22, 2025 to July 28, 2025; (12) the Parties to Serve Objections to Rebuttal Pretrial Disclosures, from July 29, 2025 to August 4, 2025; and (13) the Parties to File Motions *in Limine*, from July 29, 2025 to August 4, 2025.

The Parties have good cause to extend the deadline to complete fact discovery. Following the filing of Charter's initial Motion to Dismiss or to Transfer Venue ('029 Action, Dkt. 47), the parties engaged in four months of venue and transfer-related discovery. Though the parties made progress during that time and resolved Charter's Rule 12(b)(3) motion to dismiss for improper venue (*see* '029 Action, Dkt. 80), transfer-related discovery did not close until August 29, 2024, and the briefing of the renewed Motion to Transfer and to Dismiss did not conclude until October 21, 2024. *See* Dkt. 46.

At the same time, the Parties have been pursuing discovery regarding the substantive claims and defenses in the case. The Parties determined that there were a vast number of third parties with information relevant to the Parties' claims and defenses, resulting in additional complexity in providing notice and obtaining approval before certain documents and source code could be produced. Specifically, ASSIA served 19 subpoenas directed to third parties, and Charter served 20. Declaration of Elle X. Wang in Support of the Joint Motion to Amend The

2

Second Docket Control Order, ¶¶ 3-4. Charter additionally sent 91 notice letters to various third parties to obtain their consent to Charter's production of documents containting those third parties' confidential information. *Id.*, ¶ 5. The Parties needed the necessary documents and consents from third parties before beginning email discovery under the ESI Order (Dkt. 49) and, therefore, the Parties were unable to negotiate search terms or start reviewing email discovery until very recently. This unavoidable delay in document and email production has prevented either Party from taking merits-based depositions to date.

Additionally, Charter has recently made substantial document productions after the Parties were able to resolve ASSIA's motion to compel by agreement and as Charter has obtained constent to produce certain materials. Further, because ASSIA is asserting five patents against a large number of Charter's products and services that implicate multiple accused functionalities, Charter estimates that it will be presenting a large number of witnesses for deposition. Therefore, both Parties need additional time to complete fact discovery.

This extension is not sought for prejudice or delay, but for good cause and so that justice may be served. The proposed schedule maintains the current trial date, but seeks to extend the other dates to provide the Parties with the time they need to complete fact discovery and then comply with the remaining deadlines in the case.

The Parties met and conferred to discuss the proposed extensions of the deadlines requested in this Motion and are jointly seeking the relief sought herein. Accordingly, the Parties respectfully request that the Court grant this Joint Motion and enter the proposed order attached hereto.

| | |
|---|---|
| Dated: March 14, 2025 | Respectfully submitted,<br><br>/s/ *David Eiseman*<br>David Eiseman<br>davideiseman@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>50 California Street, 22nd Floor<br>San Francisco, California 94111-4788<br>Telephone: (415) 875-6600<br>Facsimile: (415) 875-6700<br><br>Deepa Acharya<br>deepaacharya@quinnemanuel.com<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>1300 I Street NW, Suite 900<br>Washington, D.C. 20005<br>Telephone: (202) 538-8000<br>Facsimile: (202) 538-8000<br><br>Deron R. Dacus<br>State Bar No. 00790553<br>ddacus@dacusfirm.com<br>**DACUS LAW FIRM**<br>821 ESE Loop 323, Suite 430<br>Tyler, TX 75701<br>Telephone: (903) 705-1117<br>Facsimile: (903) 581-2543<br><br>***ATTORNEYS FOR DEFENDANTS***<br><br>/s/ *Nicole Glauser*<br>Robert F. Kramer<br>CA Bar No. 181706 (Admitted E.D. Texas)<br>rkramer@krameralberti.com<br>David Alberti<br>CA Bar No. 220265 (Admitted E.D. Texas)<br>dalberti@krameralberti.com<br>Sal Lim<br>CA Bar No. 211836 (Admitted E.D. Texas)<br>slim@krameralberti.com<br>Russell S. Tonkovich<br>CA Bar No. 233280 (Admitted E.D. Texas)<br>rtonkovich@krameralberti.com |

**KRAMER ALBERTI LIM & TONKOVICH LLP**
577 Airport Blvd., Ste 250
Burlingame, CA 94010
Telephone: 650 825-4300
Facsimile: 650 460-8443

Nicole Glauser
Texas State Bar No. 24050694
nglauser@krameralberti.com
**KRAMER ALBERTI LIM & TONKOVICH LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (737) 256-7784
Facsimile: (650) 460-8443

Melissa Richard Smith
Tex. Bar No. 24001351
melissa@gillamsmith.com
**GILLAM & SMITH, LLP**
303 South Washington Ave.
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

***ATTORNEYS FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2025, the above was filed with the Court's ECF system which will send notification of such filing to all registered participants.

/s/ *David Eiseman*
David Eiseman

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel for Plaintiff met and conferred with all counsel of record pursuant to Local Rule CV-7(i), and this is a joint submission.

/s/ *David Eiseman*
David Eiseman