# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ADAPTIVE SPECTRUM AND SIGNAL ALIGNMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | Case No.: 2:24-cv-124-JRG-RSP |

## DEFENDANT CHARTER COMMUNICATIONS, INC.'S MOTION TO COMPEL COMPLETE RESPONSES TO INTERROGATORY NOS. 5 AND 19

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................................1

II.   STATEMENT OF FACTS ..................................................................................................1

      A.    Interrogatory No. 5 ...................................................................................................1

      B.    Interrogatory No. 19 .................................................................................................2

III.  ARGUMENT .......................................................................................................................3

      A.    ASSIA Fails to Provide Factual Basis for Comparable Licenses .............................4

      B.    ASSIA Fails to Provide Any Apportionment Analysis.............................................5

      C.    ASSIA Fails to Address the Term of the Hypothetical License ...............................6

      D.    ASSIA Fails to Include Relevant Information Received During Discovery ...........6

      E.    ASSIA Fails to Set Forth the Form of Royalty or the Applicable Royalty
            Rate ...........................................................................................................................7

IV.   CONCLUSION ....................................................................................................................7

I.    INTRODUCTION ................................................................................................................1

II.   STATEMENT OF FACTS ..................................................................................................1

      A.    Interrogatory No. 5 ...................................................................................................1

      B.    Interrogatory No. 19 .................................................................................................2

III.  ARGUMENT .......................................................................................................................3

      A.    ASSIA Fails to Provide Factual Basis for Comparable Licenses .............................4

      B.    ASSIA Fails to Provide Any Apportionment Analysis.............................................5

      C.    ASSIA Fails to Address the Term of the Hypothetical License ...............................6

      D.    ASSIA Fails to Include Relevant Information Received During Discovery ...........6

      E.    ASSIA Fails to Set Forth the Form of Royalty or the Applicable Royalty
            Rate ...........................................................................................................................7

IV.   CONCLUSION ....................................................................................................................7

# TABLE OF AUTHORITIES

**Page**

## Cases

*Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*,
  306 F.R.D. 276 (N.D. Cal. 2015) ....................................................................................... 6

*DeYoung v. Dillon Logistics, Inc.*,
  No. 6:19-CV-00527, 2020 WL 8970815 (E.D. Tex. Oct. 23, 2020) ................................... 3

*Georgia Pacific Corp. v. United States Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970) .................................................................................. 2

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
  10 F.4th 1358 (Fed. Cir. 2021) ..................................................................................... 3, 5

*Mobile Storage Tech., Inc. v. Fujitsu Ltd.*,
  No. C 09-03342 JF (PVT), 2010 WL 1292545 (N.D. Cal. Mar. 31, 2010) .................... 4, 7

*Olivarez v. GEO Grp., Inc.*,
  844 F.3d 200 (5th Cir. 2016) ............................................................................................ 3

*SPH America, LLC v. Research in Motion, Ltd.*,
  2016 WL 6305414 (S.D. Cal. 2016) ................................................................................. 5

*Standley v. Edmonds–Leach*,
  783 F.3d 1276 (D.C. Cir. 2015) ........................................................................................ 3

*Virnetx, Inc. v. Cisco Sys., Inc.*,
  767 F.3d 1308 (Fed. Cir. 2014) ........................................................................................ 5

## Other Authorities

Fed. R. Civ. P. 26 ................................................................................................................. 3, 6
Fed. R. Civ. P. 37 ................................................................................................................. 1, 3

## TABLE OF ABBREVIATIONS

| Asserted Patents | U.S. Patent Nos. 7,809,996, 10,848,398, 11,050,654, 11,477,108, and 11,770,313. |
|---|---|
| **ASSIA** | Adaptive Spectrum and Signal Alignment, Inc. |
| **Defendant or Charter** | Charter Communications, Inc. |
| **Ex. __** | Numbered exhibits refer to the exhibits attached to the Motion. |

## I.    INTRODUCTION

Charter moves pursuant to Rule 37 to compel ASSIA to provide a complete factual basis in responses to Interrogatory Nos. 5 (basis for ASSIA's damages claim) and 19 (the value of the Asserted Patents). ASSIA's current responses only provide a boilerplate, conclusory analysis of the *Georgia-Pacific* factors with virtually no facts supporting that analysis. Indeed, ASSIA's responses fail to quantify how any of the *Georgia-Pacific* factors will impact damages, fail to provide an estimate of a reasonable royalty, fail to provide any apportionment analysis, and fail to even identify the form of royalty (running vs. lump sum). ASSIA's failure to set forth its damages theories, let alone with the required specificity prevents Charter from identifying and producing documents during fact discovery that would rebut those undisclosed theories. Although ASSIA's excuse for not providing additional damages analysis is that its damages expert will provide that analysis in his expert report, ASSIA already has all the facts it needs to support its own damages claim—including reams of damages and technical documents and corporate testimony from more than 10 Charter witnesses (and counting). Given ASSIA's failure to fully respond to the interrogatories, Charter respectfully asks the Court to preclude ASSIA from relying on additional facts in its expert reports; or, in the alternative, the Court should permit Charter to submit additional rebuttal evidence in response to any new damages theories or facts that ASSIA relies on in the case that were not set forth in its interrogatory responses.

## II.   STATEMENT OF FACTS

### A.    Interrogatory No. 5

Interrogatory No. 5 seeks factual, legal, and evidentiary bases for ASSIA's claim for damages, including "the form of royalty [ASSIA] contend[s] is appropriate . . . any royalty rate [ASSIA] contend[s] should apply, and the royalty base [ASSIA] contend[s] it should be applied to, the factors by which [ASSIA] calculated that royalty rate, whether [ASSIA] contend[s] the

1

Entire Market Value Rule should apply, and the basis for [ASSIA's] contentions, and Including [an] assessment of the factors set forth in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970), the factors by which [ASSIA] determined the royalty base to which the royalty rate should be applied," identify the documents supporting ASSIA's contention, and identify a person most knowledgeable. Ex. A. ASSIA's response includes only that it seeks a reasonable royalty, without including any factual analysis of the *Georgia Pacific* factors or any identification of supporting documents. Charter raised this issue repeatedly with ASSIA since the beginning of March and met with silence each time. It was not until the April 14 meet and confer did ASSIA directed Charter to its then-forthcoming response to Interrogatory No. 19, claiming that its response to that interrogatory would satisfy Interrogatory No. 5.

### B.   Interrogatory No. 19

Interrogatory No. 19 asks for the value of the Asserted Patents to ASSIA. In response, ASSIA provided a high-level analysis of the *Georgia-Pacific* factors. Though an improvement over its response to Interrogatory No. 5, ASSIA's response is filled with boilerplate, conclusory language with very little factual support. The response does not (i) set forth a calculation of reasonable royalty; (ii) suggest the form of such a reasonable royalty; (iii) contain any apportionment analysis; (iv) explain why ASSIA contends its prior patent licenses are not technically or economically comparable; or (v) include a full list of documents ASSIA intends to rely on to support its damages claim. Rather, ASSIA largely punts its analysis to "further fact discovery, including depositions, and expert discovery." Ex. B, ¶¶ 2, 10, 11, 13.

*     *     *     *

As of the filing of this Motion, ASSIA still has not provided sufficient responses to Interrogatory Nos. 5 and 19, even though ASSIA has already received all of Charter's damages-related document production and deposed over 10 Charter corporate witnesses designated on a

2

wide range of technical- and damages-related topics.

### III. ARGUMENT

Rule 37 provides that a party seeking discovery may move to compel when a party has failed to answer interrogatories. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii). In moving to compel, the moving party bears the burden of showing "that the . . . information sought [is] relevant to the action." *DeYoung v. Dillon Logistics, Inc.*, No. 6:19-CV-00527, 2020 WL 8970815, at *1 (E.D. Tex. Oct. 23, 2020) (citations omitted).

Federal Rule of Civil Procedure 26 requires that "a party must, without awaiting a discovery request, provide to the other parties: . . . a computation of each category of damages claimed by the disclosing party," as well as produce the documents and/or evidence "on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Rule 26 requires sufficient disclosure and timely supplementation to prevent "trial-by-ambush." *Olivarez v. GEO Grp., Inc.*, 844 F.3d 200, 204 (5th Cir. 2016) (quoting *Standley v. Edmonds–Leach*, 783 F.3d 1276, 1283 (D.C. Cir. 2015)).

Rule 26(e) requires supplementation of interrogatory responses "in a timely manner" whenever the party learns that the initial responses are "incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). This requirement is applicable to interrogatories seeking damages contentions, such as Interrogatory Nos. 5 and 19, as patent plaintiffs must supplement contention interrogatories "as theories mature and as the relevance of various items of evidence changes." *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1372 (Fed. Cir. 2021). It is not enough that a party relies on forthcoming expert opinion or reports. *See id.* ("MLC's argument that it need not disclose factual underpinnings and evidence underlying its damages theory prior to expert discovery undermines a district court's discretion to encourage early discovery.").

3

### A.     ASSIA Fails to Provide Factual Basis for Comparable Licenses

ASSIA is required to "provide the factual basis for its damages claim, the identification of all facts to support its damages theories, and any factual information underlying the *Georgia-Pacific* factors." *Mobile Storage Tech., Inc. v. Fujitsu Ltd.*, No. C 09-03342 JF (PVT), 2010 WL 1292545, at *1 (N.D. Cal. Mar. 31, 2010). There can be no dispute that the facts underlying ASSIA's reasonable royalty analysis are highly relevant, and the Court should compel ASSIA to provide complete and accurate responses immediately.

In analyzing the first *Georgia-Pacific* factor (royalties received by ASSIA for the licensing of the Asserted Patents), ASSIA listed ▇ patent license agreements but claims that none is ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇ Ex. B, ¶1. Yet, ASSIA does not provide any substantive explanation or factual basis for this conclusion. Rather, it supports this bare assertion with further boilerplate language.

For example, in discussing its license with ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, ASSIA claims that the agreement ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇ that it was ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and that it was ▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇ *See id*. But ASSIA offers no discussion of the context of the ▇▇▇▇ ▇▇▇▇▇▇▇▇▇ ASSIA's patents covered by the license, the patents cross-licensed to ASSIA, the technical features involved in the cross license, how it is different from the technology at hand, or the specific ▇▇▇▇▇▇ at issue in the license that sets it apart from this case. Nor did ASSIA provide any analysis to support the alleged lack of economic comparability, such as the market conditions, the negotiation contexts when it entered into the agreement, or the comparative value between ASSIA's patents and ▇ patents that ASSIA cross-licensed. These facts are readily and uniquely available to ASSIA.

4

"As a sophisticated patent holder that routinely licenses its patents," ASSIA "cannot reasonably claim that it has not yet formulated a position regarding this issue, or that it does not have the tools to do so." *SPH America, LLC v. Research in Motion, Ltd.*, 2016 WL 6305414, *4 (S.D. Cal. 2016) (ordering patentee to respond during fact discovery, for each license agreement it asserted was or was not a comparable license for purposes of determining a reasonable royalty, the factual basis for such a contention); *see also MLC Intell.*, 10 F.4th at 1371 (affirming the district court's granting motion to compel basis for royalty rate reflected in the comparable license agreements). Accordingly, the Court should compel ASSIA to supplement its responses to set forth a complete factual analysis supporting ASSIA's contention that the five license agreements are not technologically or economically comparable.

B. **ASSIA Fails to Provide Any Apportionment Analysis**

A reasonable royalty analysis requires the patentee to "carefully tie proof of damages to the claimed invention's footprint in the market place." *Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1327 (Fed. Cir. 2014). ASSIA, however, fails to provide any apportionment analysis or an analysis of the incremental value attributable to the claimed inventions for *Georgia-Pacific* Factor 8 (the profitability of the product made under the patent), Factor 12 (the portion of profit customarily allowed for use of the invention), Factor 13 (the portion of the realizable profit that should be credited to the invention), and Factor 15 (the amount that would have been agreed upon in a willing hypothetical negotiation).

While ASSIA acknowledges that "calculat[ing] a reasonable royalty . . . would involve determination of the apportioned value, profits, and/or savings, attributable to practicing the asserted claims" (Ex. B, ¶15), ASSIA's responses do not contain any factual analysis of the appropriate apportionment for Factors 8, 12, 13, and 15. *Id.*, ¶¶ 8, 12, 13, 15. To be clear, ASSIA has all the tools it needs to do provide that factual analysis—Charter has produced damages and

5

technical documents, and ASSIA has deposed more than 10 of Charter's corporate witnesses to date who provided comprehensive testimony in response to ASSIA's 137 all-encompassing 30(b)(6) topics. ASSIA is in possession of all facts, and it does not need to wait until expert discovery to articulate those facts. *See Corning Optical Commc'ns Wireless Ltd. v. Solid, Inc.*, 306 F.R.D. 276, 279 (N.D. Cal. 2015) (ordering the patentee to provide its "apportionment of damages between Defendants and each asserted patent.").

### C.     ASSIA Fails to Address the Term of the Hypothetical License

For *Georgia-Pacific* Factor 7, which calls for the duration of the patent and the term of license, ASSIA's responses only include the expiration dates of the Asserted Patents without any information relating to the duration of the term of license in a hypothetical negotiation. ASSIA must supplement to provide this information.

### D.     ASSIA Fails to Include Relevant Information Received During Discovery

With respect to its analysis of *Georgia-Pacific* Factors 2, 10, and 11, ASSIA claims that it needs further discovery from Charter to fully respond. Ex. B, ¶2 (for Factor 2, stating "[a]t this point, ASSIA does not have access to information which would allow a full assessment of this Factor"), ¶10 (for Factor 10, stating the same), ¶11 (for Factor 11, stating the same). That is no longer the case, and ASSIA must supplement under Rule 26(e).

Since ASSIA served its current response to Interrogatory No. 19 on April 16, 2025, ASSIA has obtained substantial damages-related discovery from Charter: Charter has supplemented its interrogatory responses at least three times, completed production of all of its damages-related documents, and put up five damages-related corporate witnesses who provided thorough testimony related to Charter's licenses, licensing practices, marketing, pricing, forecasting, usage, revenues, costs, and profits. ASSIA, therefore, should be ordered to supplement its responses to take into account the discovery it has obtained from Charter.

6

*FILED UNDER SEAL*

Similarly, in its analysis of Factors 10 and 11, ASSIA claims that it ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Ex. B, ¶¶10-11. While it is Charter's position that ASSIA's contention lacks any merit, ASSIA should be ordered to immediately supplement its responses based on the extensive discovery it has now obtained from Charter.

### E. ASSIA Fails to Set Forth the Form of Royalty or the Applicable Royalty Rate

Also glaringly missing from ASSIA's responses is the form of reasonable royalty and ASSIA's calculation of the applicable royalty rate. ASSIA claims that its "ability to estimate a reasonable royalty that the parties would have agreed to at the time of the hypothetical negotiation is limited in view of outstanding discovery . . . including depositions of Charter and other witnesses[.]" But as stated above, that is no longer the case, and there is no reason why ASSIA cannot supplement its responses to set forth this information now. Even if it is unable to provide an actual calculation of damages and an exact determination of the applicable royalty rate, it should still supplement its responses to provide at least the appropriate form of the royalty (whether a running royalty or a lump sum payment) and "specify whether or not it has determined an applicable royalty rate." *Mobile Storage*, 2010 WL 1292545 at *1 (granting motion to compel patentee to supplement its interrogatory response and provide the factual basis for its damages claim). ASSIA must supplement its response.

### IV. CONCLUSION

For the foregoing reasons, Charter respectfully requests that the Court preclude ASSIA from relying on additional facts in expert reports or in the alternative, grant Charter the right to produce evidence rebutting any damages theories surfaced after the close of fact discovery.

*FILED UNDER SEAL*

DATED: May 12, 2025

Respectfully submitted,

*/s/ David Eiseman*
David Eiseman
davideiseman@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
50 California Street, 22nd Floor
San Francisco, California 94111-4788
Telephone:  (415) 875-6600
Fax:  (415) 875-6700

Deepa Acharya
deepaacharya@quinnemanuel.com
QUINN EMANUEL URQUHART & SULLIVAN, LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Telephone:  (202) 538-8000
Fax:  (202) 538-8000

Scott J. Bornstein
New York Bar No. 2737492
Email: scott.bornstein@gtlaw.com
Richard C. Pettus
New York Bar No. 2805059
Email: pettusr@gtlaw.com
Wen Xue
New York Bar No. 5598008
Email: xuew@gtlaw.com
GREENBERG TRAURIG LLP
One Vanderbilt Avenue
New York, NY 10017
Telephone: (212) 801-9200
Facsimile: (212) 801-6400

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
Dacus Law Firm
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone:  (903) 705-1117
Fax:  (903) 581-2543

*FILED UNDER SEAL*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing documents has been served on all counsel of record via email and the Court's ECF system on May 12, 2025.

*/s/ Elle X. Wang*
Elle X. Wang

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5, I hereby certify that the authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 22) entered in this case on July 22, 2024.

*/s/ David Eiseman*
David Eiseman

## CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirements of Local Rule CV-7(h). The undersigned hereby certifies that counsel for Defendant conferred with all counsel of record on April 14, 2025 pursuant to Local Rule CV-7(i) and that counsel for Plaintiff opposes this motion.

*/s/ David Eiseman*
David Eiseman