IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ADAPTIVE SPECTRUM AND SIGNAL ALIGNMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | CASE NO. 2:24-cv-00124-JRG-RSP <br><br> **JURY TRIAL DEMANDED** <br><br> ▮▮▮▮▮▮▮▮▮▮ <br><br> <u>**REDACTED VERSION**</u> |

**PLAINTIFF'S PARTIALLY OPPOSED AND PARTIALLY UNOPPOSED MOTION FOR
<u>LEAVE TO SERVE SUPPLEMENTAL EXPERT REPORTS[1]</u>**

---

[1] Unless otherwise noted, all emphasis is added.

## TABLE OF CONTENTS

I. BACKGROUND .................................................................................................................. 1

    A. The ▓▓▓▓ and ▓▓▓▓ Agreements and the Second Supplemental Reports ......... 2

    B. The ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and Dell Third Supplemental Report.................................................................................................................................. 3

II. LEGAL STANDARD ......................................................................................................... 6

III. ARGUMENT....................................................................................................................... 6

    A. Good Cause Exists for Allowing Service of the Unopposed Second Supplemental Reports ............................................................................................................................. 6

    B. Good Cause Also Exists for Allowing Service of the Dell Third Supplemental Report .... 7

        1. ASSIA has a clear and compelling explanation for the timing of the Dell Third Supplemental Report.................................................................................................... 7

        2. Charter suffers no undue prejudice. ............................................................... 8

        3. No continuance is required. ........................................................................... 9

        4. Mr. Dell's testimony is important to a fair presentation of damages. .......... 10

IV. CONCLUSION.................................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Estech Sys. IP, LLC v. Carvana LLC*,
  No. 2:21-cv-482-JRG-RSP, 2023 WL 3292881 (E.D. Tex. May 5, 2023) .............................. 8, 9

*GREE, Inc. v. Supercell Oy,*
  Nos. 2:19-cv-00310-JRG-RSP and 2:19-cv-311-JRG-RSP, 2021 WL 1626740 (E.D. Tex. Apr. 26, 2021) ................................................................................................................................ 6

*Image Processing Techs., LLC v. Samsung Elecs. Co.,*
  No. 2:20-cv-050-JRG-RSP, 2020 WL 2499810 (E.D. Tex. May 14, 2020) .............................. 9

*Raytheon Co. v. Indigo Sys. Corp.,*
  No. 4:07-cv-109, 2009 WL 413081 (E.D. Tex. Feb. 18, 2009) ....................................... 6, 7, 10

**Rules**

Fed. R. Civ. P. 16(b)(4) ................................................................................................................ 6

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| ASSIA or Plaintiff | Plaintiff Adaptive Spectrum and Signal Alignment, Inc. |
| Charter or Defendant | Defendant Charter Communications, Inc. |
| Asserted Patents | Collectively, U.S. Patent Nos. 11,770,313 (the "'313 patent"), 10,848,398 (the "'398 patent), 7,809,996 (the "'996 patent), and 11,050,654 (the "'654 patent) |
| Souri Second Supplemental Report | Second Supplemental Expert Report of Shukri J. Souri, Ph.D. Regarding Infringement of U.S. Patent Nos. 11,770,313, 10,848,398 and 7,809,996, served October 21, 2025 |
| Kramer Second Supplemental Report | Second Supplemental Expert Report of Dr. Richard A. Kramer Concerning Infringement of U.S. Patent No. 11,050,654, served October 21, 2025 |
| Dell Second Supplemental Report | Second Supplemental Expert Report of Stephen E. Dell, CVA Relating to Damages, served October 21, 2025 |
| Second Supplemental Reports | Collectively, Souri Second Supplemental Report Kramer Second Supplemental Report and Dell Second Supplemental Report |
| Dell 3rd Supp. Rpt. | Third Supplemental Expert Report of Stephen E. Dell, CVA Relating to Damages, served November 14, 2025 |
| Becker Rpt. | Expert Report of Stephen L. Becker, Ph.D. on behalf of Charter Communications, Inc., served October 24, 2025 |
| ▮▮▮ Agreement | ▮▮▮ Bates numbered CHARTER_ASSIA_00508000 – CHARTER_ASSIA_0058035 |
| ▮▮▮ Agreement | ▮▮▮ Bates numbered ASSIA_CHARTER-00158422 – ASSIA_CHARTER-00158454 |
| ▮▮▮ Agreement | ▮▮▮ Bates numbered RPX_0001 – RPX_0032 |
| ▮▮▮ | ▮▮▮ Bates numbered CHARTER_ASSIA_00508036 – CHARTER_ASSIA_00508039 |

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

## TABLE OF EXHIBITS

| | |
|---|---|
| Ex. 1 | Second Supplemental Expert Report of Dr. Richard A. Kramer Concerning Infringement of U.S. Patent No. 11,050,654, served October 21, 2025 |
| Ex. 2 | Second Supplemental Expert Report of Shukri J. Souri, Ph.D. Regarding Infringement of U.S. Patent Nos. 11,770,313, 10,848,398, and 7,809,996, served October 21, 2025 |
| Ex. 3 | Second Supplemental Expert Report of Stephen E. Dell, CVA Relating to Damages, served October 21, 2025 |
| Ex. 4 | Third Supplemental Expert Report of Stephen E. Dell, CVA Relating to Damages, served November 14, 2025 |
| Ex. 5 | September 11, 2025 email from Charter requesting production of the ▮▮▮ Agreement |
| Ex. 6 | Charter's Tenth Supplemental Responses and Objections to ASSIA's First Set of Interrogatories (Nos. 1–18), dated September 30, 2025 |
| Ex. 7 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Bates RPX_0001–RPX_0032) |
| Ex. 8 | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Bates CHARTER_ASSIA_00508036–39) |
| Ex. 9 | Expert Report of Stephen L. Becker, Ph.D. on behalf of Charter Communications, Inc., served October 24, 2025 |
| Ex. 10 | Email correspondence between counsel for ASSIA and counsel for Charter regarding Charter's post-deadline ▮▮▮ubpoena and related discovery issues, dated October 2–21, 2025 |
| Ex. 11 | November 14, 2025 email regarding whether Charter would oppose ASSIA's motion for leave to serve supplemental reports |
| Ex. 12 | November 18, 2025 email discussing timing of ▮▮▮ production and preparation of the Dell Third Supplemental Report |

ASSIA respectfully moves for leave to serve four supplemental expert reports on Charter. All four reports are directed solely to discovery that Charter produced or identified as relevant after the Court's September 26, 2025, deadline for serving supplemental opening expert reports and after the close of fact discovery. Dkt. 186. Good cause exists for leave as to each report.

Charter does not oppose leave for three of the reports: (1) the Second Supplemental Report of Dr. Kramer; (2) the Second Supplemental Report of Dr. Souri; and (3) the Second Supplemental Report of Mr. Dell. Exs. 1-3. These reports are limited to the experts' analysis of two agreements that were produced after the Court's supplementation deadline and/or that Charter identified as comparable agreements in its supplemental interrogatory responses served on September 30, 2025, all after the Court's supplementation deadline.

Charter opposes leave only for a fourth report, the Third Supplement Report of Mr. Dell, dated November 14, 2025. Ex. 4. That report is limited to Mr. Dell's analysis of two additional agreements that Charter produced on October 17, 2025, and that Charter's damages expert, Dr. Becker, contends are comparable and uses to calculate his royalty.

Because all four reports address only agreements that Charter produced late or later identified as relevant, and because Charter suffers no undue prejudice, good cause exists to permit service of each report.

**I.   BACKGROUND**

Fact discovery closed on May 13, 2025. Dkt. 96. Expert discovery closed on November 12, 2025, subject to the Court's order permitting two later-scheduled expert depositions that are unrelated to this motion. Dkt. 208.

On September 5, 2025, the Court issued a supplemental claim construction order. Dkt. 201. Consistent with that order and the Court's deadline for supplemental reports (Dkt. 186), ASSIA's

1

experts served first Supplemental Reports on September 26, 2025, addressing the Court's supplemental constructions.

     A.    The ███████████████ Agreements and the Second Supplemental Reports

███████████████████████████████████████ Charter first produced that agreement on September 27, 2025, the day after the Court's deadline for supplemental opening reports.

Separately, ███████████████████████████████████████ Ex. 5 at 1. Upon receiving that request, ASSIA promptly sought the necessary permission to produce the agreement and then produced it on September 23, 2025, again after the close of fact discovery and only a few days before the supplemental report deadline. In ASSIA's view, the only relevance is that ███████ ███████ yet it nonetheless expeditiously produced it in response to Charter's request.

On September 30, 2025, Charter served a supplemental interrogatory response identifying, among other agreements, ███████████████ as allegedly comparable agreements supporting its damages position. Ex. 6 at 96, 98. In that same response, Charter also identified an unproduced agreement ███████████ as comparable, stating that it was executed on ███████████. The next day, Charter served a subpoena on ███ seeking production of that agreement.

After receiving the ███████ agreement and Charter's supplemental interrogatory response, ASSIA's experts analyzed them. Drs. Kramer and Souri evaluated whether the patents identified in those agreements are technically comparable to ASSIA's Asserted Patents, and Mr. Dell evaluated the economic relevance of those agreements to a hypothetical negotiation between ASSIA and Charter. ASSIA then served the Second Supplemental Reports on October 21,

2

2025, limited to these analyses. Exs. 1-3.

### B. The ▮▮▮▮ and Dell Third Supplemental Report

In its September 30 supplemental interrogatory response, Charter also identified a license agreement ▮▮▮ Ex. 6 at 95-96, 98. At that time, however, Charter had not produced any such license. The next day, October 1, 2025, Charter served a subpoena on ▮▮ seeking production of the ▮▮▮

▮▮▮ Charter finally produced the ▮▮ agreement, on October 17, 2025. Ex. 7. On that same day, Charter also produced ▮▮▮ Ex. 8. Charter had not identified the ▮▮▮ at all in its September 30 supplemental interrogatory response. Ex. 6 at 95-96, 98.

▮▮▮ Ex. 7, ¶ 1.2. ▮▮▮

▮▮▮ Ex. 8, ¶ 2. Charter's damages expert, Dr. Becker, relied on ▮▮▮ as part of his reasonable royalty analysis in his rebuttal report served on October 24, 2025.[2] *See, e.g.*, Ex. 9 (Becker Rpt.), ¶¶ 100, 101, 115, 116, 182, 183, 227, 233, 238, 239, 281, 287, 516-528.

---

[2] ASSIA intends to file a separate motion to strike portions of Dr. Becker's report that rely on these agreements. If the Court grants that motion, then the opposed part of this motion for leave is moot.

3

ASSIA received the ▮▮▮▮▮▮▮▮▮▮ on or about October 20, 2025.³ At that time, Mr. Dell's Second Supplemental Report was already near final. The parties were also conferring about Charter's post-deadline subpoena practice and whether additional discovery would follow that Mr. Dell would need to consider. Ex. 10 at 1. Rather than delay the service of the Second Supplemental Report until Mr. Dell could fully consider the new ▮▮▮▮▮▮▮▮▮▮ and any potential additional discovery, ASSIA served his Second Supplemental Report on October 21, 2025, together with its Second Supplemental Reports of Drs. Kramer and Souri. Exs. 2-4.

Between October 2 and 21, 2025, counsel for the parties corresponded about how to handle Charter's late production of the ▮▮▮▮▮▮▮▮▮▮. Ex. 10 at 1-5. Charter asserted that its production was timely because it had issued a subpoena to ▮▮ and obtained the documents as soon as it could.⁴ Ex. 10 at 3. ASSIA responded that leave of court was required to serve a subpoena after the close of fact discovery and requested that the parties jointly seek limited supplemental discovery on an expedited schedule. Ex. 10 at 4-5. Charter declined. Ex. 10 at 1-2. Discussions concluded on October 21, 2025, when ASSIA agreed it would not challenge Charter's service of the subpoena or seek supplemental discovery, but expressly reserved the right to object to and seek exclusion of the documents and any related materials or testimony. Ex. 10 at 1.

---

³ Charter produced these documents on Friday evening, October 17, 2025, in native format. After vendor processing, ASSIA first obtained access to them on Monday morning, October 20, 2025, and promptly thereafter provided them to Mr. Dell.

⁴ It is unclear why a subpoena was necessary ▮▮▮▮▮▮▮▮▮▮

4

Once it was clear that no further discovery would be forthcoming, Mr. Dell began the work of addressing the economic comparability of ▉ in a supplemental report. Between October 22 and November 13, 2025, he was simultaneously preparing and serving expert reports in two other Eastern District of Texas cases (with deadlines on October 22 and November 6), preparing for his noticed deposition in this case (which Charter later cancelled), and traveling for previously scheduled work commitments on October 30–31, November 4–6, and November 11–13. Notwithstanding those obligations, Mr. Dell diligently reviewed ▉, evaluated them in light of the record and Dr. Becker's opinions, and finalized the Dell Third Supplemental Report, which ASSIA provided to Charter on November 14, 2025, the day after Mr. Dell returned from travel. Ex. 4.

The Dell Third Supplemental Report is very narrow. Paragraphs 1 through 8 summarize the key terms of ▉ based on the face of the documents. Paragraphs 9 through 13 set out Mr. Dell's opinions explaining why those agreements are not economically comparable to the hypothetical license between ASSIA and Charter. Ex. 4.

When ASSIA provided Charter the Dell Third Supplemental Report, at least two expert depositions were still scheduled to occur through November 24, 2025. Dkt. 208. Charter therefore had sufficient time to depose Mr. Dell after receiving his Third Supplemental Report but elected not to do so. Charter had previously noticed Mr. Dell's deposition for October 29, 2025, cancelled it on the eve of the deposition, and has not sought to reschedule it. Nor have *Daubert* motions or motions to strike expert testimony yet been filed. Charter thus still has a full opportunity to present any admissibility or scope arguments it wishes to raise through those procedures.

On November 14, 2025, counsel for ASSIA asked Charter whether it would oppose a motion for leave to serve the four supplemental reports identified in this motion. Ex. 11 at 1.

5

Charter consented to the Second Supplemental Reports but opposed the Dell Third Supplemental Report.

## II.     LEGAL STANDARD

When a party seeks leave to serve expert materials after a court-ordered deadline, Rule 16(b)(4)'s "good cause" standard applies. Courts in this District consider four factors: "(1) the explanation, if any, for the party's failure to comply with the discovery order; (2) the prejudice to the opposing party of allowing the witnesses to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the witnesses' testimony." *Raytheon Co. v. Indigo Sys. Corp.,* No. 4:07-cv-109, 2009 WL 413081, at *1-2 (E.D. Tex. Feb. 18, 2009).

## III.    ARGUMENT

### A.    Good Cause Exists for Allowing Service of the Unopposed Second Supplemental Reports

Because each of the *Raytheon* factors support supplementation and Charter does not oppose, the Court should grant leave for the three Second Supplemental Reports.

*First*, ASSIA has a straightforward explanation for the timing. The reports address the ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ which were not produced until September 23 and September 27, 2025, respectively. Charter then identified those agreements as comparable in its September 30 supplemental interrogatory responses, after the deadline for supplementing expert reports. Ex. 6 at 95–96, 98. After reviewing the late production and supplemental response, Dr. Kramer, Dr. Souri, and Mr. Dell promptly prepared the Second Supplemental Reports. Exs. 1-3. This is precisely the type of circumstance in which courts find good cause to supplement. *See GREE, Inc. v. Supercell Oy,* Nos. 2:19-cv-00310-JRG-RSP and 2:19-cv-311-JRG-RSP, 2021 WL 1626740, at *4-5 (E.D. Tex. Apr. 26, 2021) (finding good cause for defendant to serve supplemental reports after the close of expert discovery, because the delay was caused by plaintiff

6

adding a newly accused product to the case).

***Second***, Charter does not oppose service of the reports and identifies no prejudice. The reports introduce no new infringement or damages theories. They simply apply the experts' existing methodologies to the newly produced agreements that Charter itself claims are comparable. *See* Exs. 1-3.

***Third***, because there is no prejudice, no continuance is required. Neither party seeks to reopen discovery or modify the schedule based on these reports.

***Fourth***, the reports are important to the damages analysis. Drs. Kramer and Souri evaluate whether the patents ▮▮▮ are technically comparable to ASSIA's asserted patents, and Mr. Dell assesses whether those agreements bear on a reasonable royalty or the hypothetical negotiation. *Id*. Their analyses will assist the jury in understanding how the agreements that Charter relies upon fit within the *Georgia-Pacific* framework.

### B.  Good Cause Also Exists for Allowing Service of the Dell Third Supplemental Report

#### 1.  ASSIA has a clear and compelling explanation for the timing of the Dell Third Supplemental Report

The first *Raytheon* factor strongly favors ASSIA. Charter produced ▮▮▮ on October 17, 2025, weeks after the Court's deadline for supplemental expert reports. ASSIA received those agreements on or about October 20, 2025. At that point, Mr. Dell's Second Supplemental Report was already near final, and the parties were still discussing whether Charter's late subpoena practice would lead to additional discovery that Mr. Dell would need to consider. Ex. 12 at 1. Rather than delay the Second Supplemental Report, ASSIA served it on October 21, 2025, at the same time it served the two other supplemental reports.

Once it became clear that no further discovery related to ▮▮▮ would be forthcoming, Mr. Dell turned to the task of integrating those

7

agreements into his damages analysis. Between October 22 and November 13, 2025, he was simultaneously preparing expert reports in two other Eastern District of Texas cases with deadlines on October 22 and November 6, preparing for his noticed deposition in this case, and traveling on October 30–31, November 4–6, and November 11–13 for work-related commitments.

Despite this compressed schedule, Mr. Dell diligently reviewed ▓▓▓▓▓▓▓▓▓▓▓▓ evaluated them in light of the existing record and Dr. Becker's opinions, and finalized the Dell Third Supplemental Report on November 14, 2025, the day after he returned from travel. Ex. 4. The timing of the report thus reflects Charter's late production, the parties' ongoing discussions regarding supplemental discovery, and Mr. Dell's preexisting expert obligations, not any lack of diligence by ASSIA.

      **2.     Charter suffers no undue prejudice.**

The second *Raytheon* factor also favors ASSIA. Charter itself placed ▓▓▓▓▓▓▓▓▓▓▓▓ at the center of its damages case by relying on them in Dr. Becker's October 24, 2025 report. *See, e.g.*, Ex. 9 (Becker Rpt.) ¶¶ 100, 115, 182, 227, 233, 238, 281, 287. Having chosen to rely on those agreements as comparable licenses, Charter cannot credibly claim surprise or prejudice when ASSIA's damages expert analyzes the same agreements and explains why they are not economically comparable. *See*, *Estech Sys. IP, LLC v. Carvana LLC*, No. 2:21-cv-482-JRG-RSP, 2023 WL 3292881, at *9 (E.D. Tex. May 5, 2023) (finding minimal prejudice where the opposing party's expert had already addressed the same subject in his own report).

Any alleged prejudice is further mitigated by the procedural posture. ASSIA served the Dell Third Supplemental Report on November 14, 2025. At least two expert depositions were still scheduled to occur as late as November 24, 2025. Dkt. 208. That left Charter ten days in which it could have deposed Mr. Dell about his Third Supplemental Report, yet Charter chose not to do so. Charter had previously noticed Mr. Dell's deposition for October 29, 2025, cancelled it the night

8

before, and has never sought to reschedule. Charter also waited a month to produce the ▮ and waited until October 1, 2025, to serve its subpoena on ▮ Any prejudice Charter now claims flows from its own choices about when to seek and produce these agreements and whether to take Mr. Dell's deposition. *See, Estech,* 2023 WL 3292881, at *9, *Image Processing Techs., LLC v. Samsung Elecs. Co.,* No. 2:20-cv-050-JRG-RSP, 2020 WL 2499810, at *3 (E.D. Tex. May 14, 2020) (granting motion to supplement to address a non-infringing alternative that defendant knew of but did not timely identify until after plaintiff served its opening expert report).

Moreover, the Dell Third Supplemental Report is based entirely on the agreements themselves. Paragraphs 1 through 8 summarize ▮ based on the face of the documents. Paragraphs 9 through 13 explain Mr. Dell's opinions regarding why, given those terms and the record in this case, the agreements are not economically comparable to the hypothetical license that would have been negotiated between ASSIA and Charter. Ex. 4. The report does not introduce new theories. It simply evaluates the very agreements that Charter has put at issue. Finally, *Daubert* motions and motions to strike have not yet been filed, so Charter retains the full ability to raise any admissibility or scope arguments it wishes through the ordinary pretrial motions process. Considering these facts, any prejudice from allowing the jury to hear Mr. Dell's concise analysis of the agreements that Charter itself relies upon is minimal at most.

### 3. No continuance is required.

The third *Raytheon* factor likewise favors ASSIA. Because any prejudice to Charter is minimal and at least partially self-inflicted, no continuance is necessary. *See Estech*, 2023 WL 3292881, at *9. ASSIA does not seek to reopen discovery or modify the current schedule. Charter chose not to depose Mr. Dell after receiving his Third Supplemental Report even though the schedule permitted it to do so. Dkt. 208. And Charter has chosen not to serve a rebuttal report from

9

Dr. Becker, despite ASSIA's confirmation that it would not oppose leave for Charter to do so. Under these circumstances, there is nothing a continuance would meaningfully cure.

### 4. Mr. Dell's testimony is important to a fair presentation of damages.

The fourth *Raytheon* factor strongly favors ASSIA. Dr. Becker relies on ▓▓▓▓ ▓▓▓▓ to opine that a reasonable royalty for infringement of the '966 patent is ▓▓▓▓ (Ex. 9 (Becker Rept.), ¶¶ 182, 227, 233) and a reasonable royalty for infringement of the '313 patent is ▓▓▓▓ ▓▓▓▓ (*id.*, ¶¶ 238, 281, 287). Mr. Dell's Third Supplemental Report explains why those agreements have limited, if any, relevance to a hypothetical negotiation between ASSIA and Charter and why they are poor benchmarks for the damages at issue in this case. Ex. 4. If the jury is to consider ▓▓▓▓ and Dr. Becker's opinions about them, fundamental fairness requires that the jury also hear Mr. Dell's competing analysis and decide which expert offers the more reliable and credible view. Disputes over how to interpret and weigh license agreements ordinarily go to the weight of the evidence, not its admissibility. Allowing only Charter's presentation of the agreements while excluding ASSIA's expert response would create a skewed record on a central damages issue.

## IV. CONCLUSION

For the reasons set forth above, ASSIA respectfully requests that the Court grant this partially opposed and partially unopposed motion for leave and permit ASSIA to serve the four supplemental expert reports identified in Exhibits 1 through 4.

November 24, 2025

Respectfully submitted,

/s/ *Nicole Glauser*
Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)

10

rkramer@krameralberti.com
David Alberti
CA Bar No. 220265 (Admitted E.D. Texas)
dalberti@krameralberti.com
Sal Lim
CA Bar No. 211836 (Admitted E.D. Texas)
slim@krameralberti.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
rtonkovich@krameralberti.com
Hong S. Lin
CA Bar No. 249898 (Admitted E.D. Texas)
hlin@krameralberti.com
Andrew Hamill (Admitted E.D. Texas)
CA Bar No. 251156
ahamill@krameralberti.com
Jeremiah A. Armstrong
CA Bar No. 253705 (*pro hac vice*)
jarmstrong@krameralberti.com
Zachariah Higgins
CA Bar No. 190225 (*pro hac vice*)
zhiggins@krameralberti.com
Curt Holbreich
CA Bar No. 168053 (Admitted E.D. Tex.)
cholbreich@krameralberti.com
**KRAMER ALBERTI LIM**
**& TONKOVICH LLP**
950 Tower Ave., Ste 1725
Foster City, CA 94404
Telephone: 650 825-4300
Facsimile: 650 460-8443

Nicole Glauser
Texas State Bar No. 24050694
nglauser@krameralberti.com
**KRAMER ALBERTI LIM**
**& TONKOVICH LLP**
500 W 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (737) 256-7784
Facsimile: (650) 460-8443

Melissa Richard Smith
Texas State Bar No. 24001351
melissa@gillamsmith.com
**GILLAM & SMITH, LLP**

11

303 South Washington Ave.
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for Plaintiff*
*Adaptive Spectrum and Signal Alignment, Inc.*

## CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirements of Local Rule CV-7(h). The undersigned hereby certifies that counsel for Plaintiff conferred with all counsel of record on November 19 & 24, 2025 pursuant to Local Rule CV-7(i) and that counsel for Defendant partially opposes this motion.

*/s/ Nicole Glauser*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3), and all confidential versions will be served by electronic mail on November 24, 2025.

*/s/ Nicole Glauser*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 22) entered in this case on July 22, 2024.

*/s/ Nicole Glauser*