**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ADAPTIVE SPECTRUM AND SIGNAL ALIGNMENT, INC., | |
| Plaintiff, | CASE NO. 2:24-cv-00124-JRG-RSP |
| v. | **JURY TRIAL DEMANDED** |
| CHARTER COMMUNICATIONS, INC., | |
| Defendant. | |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF NO
INVALIDITY OF THE '996, '398, and '313 PATENTS BASED ON PRIOR ART[1]**

---

[1] Unless otherwise noted, all numbered exhibits refer to the exhibits attached to the Declaration of Robert F. Kramer, dated December 3, 2025 ("Kramer Decl."), filed concurrently herewith.

Unless otherwise noted, all emphases herein are added.

# TABLE OF CONTENTS

I.  STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ....................................... 3

II.  STATEMENT OF UNDISPUTED MATERIAL FACTS ("SOF") ....................................... 5

   A.  Dr. Almeroth's Opinions Subject to "ASSIA's Apparent Interpretation"......................... 6

   B.  Dr. Almeroth's Conclusory Opinions as to Claim 3 of the '398 Patent and Claim 19 of the '313 Patent ............................................................................................................................. 8

III.  RELEVANT LEGAL STANDARDS AND AUTHORITY ........................................... 10

IV.  ARGUMENT ......................................................................................................................... 10

   A.  Charter Cannot Demonstrate the Asserted Claims of the '996, '398, and '313 Patents Are Invalid Without Dr. Almeroth's Opinions ............................................................................... 11

   B.  Excluding the Shadow-Construction Opinions Leaves Charter Without Evidence of Invalidity for the Asserted Claims ........................................................................................... 12

   C.  Excluding Dr. Almeroth's Conclusory Opinions Requires Summary Judgment of No Invalidity as to Claim 3 of the '398 Patent and Claim 19 of the '313 Patent .......................... 14

V.  CONCLUSION ....................................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ................................................................ 10

*Celotex Corp. v. Catrett*,
    477 U.S. 317 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ........................................................... 10, 11

*DataQuill Ltd. v. Handspring, Inc.*,
    2003 WL 737785 (N.D. Ill. Feb. 28, 2003) ................................................................ 14

*Duffy v. Leading Edge Prods., Inc.*,
    44 F.3d 308 (5th Cir. 1995) (citing *Anderson*, 477 U.S. at 247) ............................................ 10

*Eli Lilly & Co. v. Barr Lab'ys, Inc.*,
    251 F.3d 955 (Fed. Cir. 2001) ................................................................ 10, 11

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
    No. 2:22-cv-00125-JRG-RSP, 2023 WL 8534481 (E.D. Tex. Dec. 8, 2023) ........................ 11

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
    No. 2:22-cv-00125-JRG-RSP, 2023 WL 8535212 (E.D. Tex. Dec. 1, 2023) ........................ 11

*Finisar Corp. v. DirecTV Grp., Inc.*,
    No. 1:05-CV-264, 2006 WL 1207828 (E.D. Tex. May 2, 2006) ............................................ 15

*Function Media, L.L.C. v. Google, Inc.*,
    No. 2:07-cv-279-CE, 2011 WL 4017953 (E.D. Tex. Sept. 9, 2011) ...................................... 11

*General Elec. Co. v. Joiner*,
    522 U.S. 136 S. Ct. 512, 139 L. Ed. 2d 508 (1997) ................................................................ 15

*Magnolia Med. Techs., Inc. v. Kurin, Inc.*,
    No. CV 24-1124-CFC, 2025 WL 3066429 (D. Del. Nov. 3, 2025) ........................................ 13

*OneSubsea IP UK Ltd. v. FMC Techs., Inc.*,
    No. 4:16-cv-0051, 2020 WL 7263266 (S.D. Tex. Dec. 10, 2020) .......................................... 14

*Oxford Gene Tech. Ltd. v. Mergen Ltd.*,
    345 F. Supp. 2d 431 (D. Del. 2004) ................................................................ 13

*Perfect Web Techs., Inc. v. InfoUSA, Inc.*,
    587 F.3d 1324 (Fed. Cir. 2009) ................................................................ 11

*Seacor Holdings, Inc. v. Commonwealth Ins. Co.*,
    635 F.3d 675 (5th Cir. 2011) ................................................................ 10

**Statutes**

35 U.S.C. §§ 102 ................................................................................................................ 1, 15

35 U.S.C. §§ 103 ................................................................................................................ 1, 15

**Rules**

Fed. R. Civ. P. 56(a) ............................................................................................................ 10

## TABLE OF ABBREVIATIONS

| ASSIA or Plaintiff | Plaintiff Adaptive Spectrum and Signal Alignment, Inc. |
|---|---|
| Charter or Defendant | Defendant Charter Communications, Inc. |
| '313 Patent | U.S. Patent No. 11,770,313 |
| '398 Patent | U.S. Patent No. 10,848,398 |
| '996 Patent | U.S. Patent No. 7,809,996 |
| Almeroth Rpt. | Expert Report of Kevin Almeroth Regarding Invalidity of U.S. Patent Nos. 11,770,313, 10,848,398, and 7,809,996 |
| Almeroth Supp. Rpt. | Supplemental Expert Report of Kevin Almeroth Regarding Invalidity of U.S. Patent Nos. 11,770,313, 10,848,398, and 7,809,996, served September 26, 2025 |
| Morris | Morris, U.S. Patent No. 6,314,535 |
| Azenko | Azenko, U.S. Patent No. 7,315,967 |
| Starr | Starr, U.S. Patent No. 6,546,509 |
| Klayman | Klayman et al., U.S. Patent No. 5,699,365 |
| Agarwal | Agarwal et al., U.S. Patent No. 6,477,669 |
| Diener | Diener, U.S. Patent No. 7,408,907 |
| Epstein | Epstein, U.S. Patent No. 8,731,568 |
| Chow | Chow et al., U.S. Patent No. 9,451,451 |
| SOF | Statement of Facts |
| Almeroth Mot. | Plaintiff's Motion to Strike Opinions of Defendant's Technical Expert Dr. Kevin Almeroth, filed December 3, 2025 |

ASSIA moves for summary judgment that (1) claim 20 of the '996 patent, (2) claims 1 and 3 of the '398 patent, and (3) claims 1, 2, 4, 7, and 19 of the '313 patent are not invalid under 35 U.S.C. §§ 102 and 103 in view of the prior art addressed in this motion: Morris, Azenko/Starr, Klayman/Starr, Diener, Epstein, and Chow. Charter's only expert invalidity opinions on these claims and references are inadmissible and, in any event are legally insufficient to satisfy its burden.

ASSIA is concurrently filing a Motion to Strike Opinions of Defendant's Technical Expert Dr. Kevin Almeroth ("Almeroth Mot."). As that motion explains, multiple grounds independently show that Charter lacks admissible expert testimony sufficient to create a triable invalidity issue on the claims and prior art theories addressed here.

**First**, Dr. Almeroth offers invalidity opinions that he expressly premises on "ASSIA's apparent interpretation" of certain claim limitations (the "shadow-construction opinions"). Almeroth Mot. § I(B). That supposed "apparent interpretation" is nothing more than Dr. Almeroth's own characterization of ASSIA's purported position in non-operative, superseded infringement contentions. These opinions do not apply the Court's claim constructions or the plain and ordinary meaning of the claim terms. They instead rest on Dr. Almeroth's speculation about how ASSIA may have previously interpreted the claims, leaving the shadow-construction opinions untethered to any proper claim construction and inadmissible under Rule 702 and *Daubert*.

If the Court excludes those opinions, Charter will have no admissible expert testimony from which a reasonable jury could find by clear and convincing evidence that:

- claim 20 of the '996 patent is invalid under §§102 and 103 based on Morris, Azenko/Starr, Klayman/Starr, and/or Agarwal/Starr;

- claims 1 and 3 of the '398 patent and claims 1, 2, 4, and 7 of the '313 patent are invalid under §§102 and 103 based on Diener, Epstein, and/or Chow; and

- claim 19 of the '313 patent is invalid under §§102 and 103 based on Epstein and/or Chow.

Charter has disclosed no anticipation or obviousness theory for those claims and references that does not rely, for at least one limitation of each claim, on Dr. Almeroth's shadow-construction opinions. Once those opinions are excluded, Charter has no admissible expert testimony on essential elements of its invalidity defenses, and ASSIA is entitled to summary judgment of no invalidity as to those specific claims and theories.

Moreover, even if the Court were to consider the shadow-construction opinions despite their defects, they still would not raise a genuine dispute of material fact. They do not apply the Court's constructions or any legally permissible interpretation of the claims to the prior art and therefore cannot support a reasonable jury finding of invalidity by clear and convincing evidence.

**Second**, as further explained in the Almeroth Mot., Dr. Almeroth's invalidity opinions for dependent claim 3 of the '398 patent and independent claim 19 of the '313 patent are impermissibly conclusory. For each of Diener, Epstein, and Chow, his discussion of the additional limitations of '398 claim 3 and '313 claim 19 consists of a single sentence that the references "disclose and render obvious this claim limitation" followed by a citation back to his analysis of different limitations in independent claim 1, without separately analyzing the "based on a change in the operation, updating the policy" limitation of claim 3 or the "network monitoring devices" and "degradation of network performance" limitations of claim 19 or explaining how the cited references satisfy those particular requirements. Almeroth Mot. § I(C); SOF 24-27. For Charter's Diener-based invalidity theory on '313 claim 19, these cursory cross-references are the only opinions it has disclosed on the additional claim 19 limitations. For '398 claim 3 and for the Epstein/Chow-based invalidity theories on '313 claim 19, these cross-references are the only non-shadow-construction opinions that even purport to address the additional limitations of those

claims. Charter has disclosed no non-conclusory, non-shadow-construction invalidity opinion for those added limitations.

Even if considered, such bare, unexplained conclusions are legally insufficient to satisfy Charter's burden to produce clear and convincing evidence that the prior art discloses or renders obvious every limitation of those claims. In the absence of non-conclusory expert testimony addressing each limitation of these claims, Charter cannot prove invalidity by clear and convincing evidence.

Because Charter has disclosed no alternative expert opinions to support its Diener-based theory on '313 claim 19, exclusion or disregard of these conclusory opinions leaves it with no admissible testimony on essential elements of its defense and therefore no evidence from which a reasonable jury could find claim 19 invalid in view of Diener. ASSIA is thus entitled to summary judgment of no invalidity as to that specific claim and theory. Further, exclusion or disregard of Dr. Almeroth's conclusory opinions provides an independent basis for summary judgment of no invalidity as to '398 claim 3 in view of Diener, Epstein, and/or Chow and as to '313 claim 19 in view of Epstein and/or Chow. In each instance, Charter relies on improper shadow-construction mapping, the same inadmissible, one sentence cross-reference to claim 1, or both.

## I.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

**Issue 1**: Whether, for '996 claim 20, Charter's anticipation and obviousness theories based on Morris, Azenko/Starr, Klayman/Starr, and/or Agarwal/Starr rely on Dr. Almeroth's shadow-construction opinions, such that once those opinions are excluded or disregarded as legally insufficient Charter has no admissible evidence from which a reasonable jury could find that claim invalid in view of that prior art.

**Issue 2**: Whether, for '398 claims 1 and 3 and '313 claims 1, 2, 4, and 7, Charter's anticipation and obviousness theories based on Diener, Epstein, and/or Chow rely solely on Dr. Almeroth's shadow-construction opinions, such that once those opinions are excluded or disregarded as legally insufficient Charter has no admissible evidence from which a reasonable jury could find those claims invalid in view of that prior art.

**Issue 3**: Whether, for '313 claim 19 in view of Epstein and/or Chow, Charter's anticipation and obviousness theories rely only on (a) Dr. Almeroth's shadow-construction opinions and (b) his conclusory cross-reference opinions on the additional claim 19 limitations, such that once those opinions are excluded or disregarded as legally insufficient Charter has no admissible evidence from which a reasonable jury could find that claim invalid in view of that prior art.

**Issue 4**: Whether, for '398 claim 3, Charter's anticipation and obviousness theories based on Diener, Epstein, and/or Chow rely on Dr. Almeroth's conclusory cross-reference opinions on the additional claim 3 limitation, such that once those opinions are excluded or disregarded as legally insufficient Charter has no admissible evidence from which a reasonable jury could find that claim invalid in view of that prior art, even if the shadow-construction opinions for claim 1 were considered.

**Issue 5**: Whether, for '313 claim 19 in view of Diener, Charter's anticipation and obviousness theories rely on Dr. Almeroth's conclusory cross-reference opinions on the additional claim 19 limitations, such that once those opinions are excluded or disregarded as legally insufficient Charter has no admissible evidence from which a reasonable jury could find that claim invalid in view of that prior art.

## II.    STATEMENT OF UNDISPUTED MATERIAL FACTS ("SOF")

1.    Three of the Asserted Patents are U.S. Patent No. 7,809,996, U.S. Patent No. 10,848,398, and U.S. Patent No. 11,770,313. Kramer Decl., ¶ 2; *see also* Ex. 1-3.

2.    The asserted claims of the '996, '398, and '313 patents are claim 20 of the '996 patent; claims 1 and 3 of the '398 patent; and claims 1, 2, 4, 7, and 19 of the '313 patent. Kramer Decl., ¶ 3.

3.    ASSIA served its initial infringement contentions on June 28, 2024 for all Asserted Patents, including the '996, '398, and '313 patents. *Id.*, ¶ 4.

4.    With respect to the '996 patent, ASSIA served subsequent amended contentions on October 4, 2024, December 17, 2024, and March 28, 2025. *Id.*, ¶ 5.

5.    With respect to the '398 patent, ASSIA served subsequent amended contentions on October 4, 2024, December 17, 2024, March 7, 2025, and May 9, 2025. *Id.*, ¶ 6.

6.    With respect to the '313 patent, ASSIA served subsequent amended contentions on October 4, 2024, December 17, 2024, March 7, 2025, April 3, 2025, and May 9, 2025. The April 3, 2025 amendment was focused on PMA functionality and the May 9, 2025 amendment was focused on Charter's Advanced WiFi service. *Id.*, ¶ 7.

7.    The Court granted ASSIA's motions for leave to amend its infringement contentions for the '996, '398, and '313 patents on June 3, 2025 and thus the March 28, 2025 version of the '996 infringement contentions, the May 9, 2025 version of the '398 infringement contentions, and the April 3, 2025 and May 9, 2025 versions of the '313 contentions became the operative infringement contentions for those patents in this case. Dkt. 178.

8.      Charter served the Almeroth Rpt. on May 20, 2025, and the Almeroth Supp. Rpt. on September 26, 2025, which provide Dr. Almeroth's opinions as to the invalidity of the '996, '398, and '313 patents. Kramer Decl., ¶ 8; Ex. 4 (Almeroth Supp. Rpt.).

9.      The Almeroth Supp. Rpt. includes all the opinions contained within the Almeroth Rpt. and adds opinions addressing the Court's supplemental claim constructions.[2] Kramer Decl., ¶ 9.

10.     Charter has identified Dr. Almeroth as its only technical expert offering opinions on invalidity of the '996, '398, and '313 patents, and it has served no other expert report addressing invalidity of the asserted claims of those patents. *Id.*

A.      **Dr. Almeroth's Opinions Subject to "ASSIA's Apparent Interpretation"**

11.     Dr. Almeroth's invalidity analysis of the '996, '398, and '313 patents includes opinions qualified with the statement "[a]t least under ASSIA's apparent interpretation" of a term, limitation, and/or claim. *See, e.g.*, Ex. 4 (Almeroth Supp. Rpt.), ¶¶ 276, 305, 307, 314, 325, 334, 336, 340, 346, 354, 362, 368-369, 383-385, 388-389, 396-397, 401-402, 409, 413, 458, 461-462, 482, 484-485, 494-495, 497-498, 506-507, 510-511, 520, 522, 566, 578-580, 603, 604, 609-610, 615-616, 625-626, 641, 677, 685-686, 698, 704-705, 710-711, 716-717, 725-726, 740, 797, 808, 816, 819, 827, 845, 847-848, 850, 856, 891-893, 896, 911-912, 919, 921, 924, 942, 944, 946, 951, 953-954, 965-966, 976, 985, 995-996, 998, 1005-1006, 1013, 1015, 1034, 1043, 1045, 1056, 1062-1063.

12.     In the citations accompanying Dr. Almeroth's "ASSIA's apparent interpretation" statement and corresponding opinions, Dr. Almeroth's Supplemental Report cites only to ASSIA's

---

[2] Given the near total overlap between the Almeroth Rpt. and Almeroth Supp. Rpt., ASSIA is treating the Almeroth Supp. Rpt. as the operative report on invalidity. To the extent Charter disagrees, ASSIA requests that the Court grant summary judgment upon striking defective opinions from both reports.

December 2024 (as to the '996 patent) and March 2025 (as to the '398 and '313 patents) amended infringement contentions, not to ASSIA's final infringement contentions. *See, e.g.,* Ex. 4 (Almeroth Supp. Rpt.), ¶ 276 & n.14, ¶ 816 & n.85, ¶ 847 & n.108.

13.      **For the '996 patent**, Dr. Almeroth relies on four primary prior art references or combinations: Morris, Azenko/Starr, Klayman/Starr, and Agarwal/Starr. *Id.*, §§VI.B-E. Dr. Almeroth also relies on applicant admitted prior art which is not the subject of this motion for summary judgment.

14.      With respect to **Morris**, Dr. Almeroth analyzes each element (other than the preamble) of claim 20—that is, '996-20a, 20b, 20c, 20d, 20e, and 20f—solely "under ASSIA's apparent interpretation." *Id.*, ¶¶ 362-414.

15.      With respect to **Azenko/Starr**, Dr. Almeroth analyzes each element (other than the preamble) of claim 20—that is, '996-20a, 20b, 20c, 20d, 20e, and 20f—solely "under ASSIA's apparent interpretation." *Id.*, ¶¶ 458-523.

16.      With respect to **Klayman/Starr**, Dr. Almeroth analyzes each element (other than the preamble) of claim 20—that is, '996-20a, 20b, 20c, 20d, 20e, and 20f—solely "under ASSIA's apparent interpretation." *Id.*, ¶¶ 566-642.

17.      With respect to **Agarwal/Starr**, Dr. Almeroth analyzes each element (other than the preamble) of claim 20—that is, '996-20a, 20b, 20c, 20d, 20e, and 20f—solely "under ASSIA's apparent interpretation." *Id.*, ¶¶ 677-741.

18.      **For the '398 and '313 patents**, Dr. Almeroth relies on three primary prior art references: Diener, Epstein, and Chow. *Id.*, §§ VII.A-C.

19.     With respect to **Diener**, Dr. Almeroth analyzes elements '398-1d and '313-1d solely "under ASSIA's apparent interpretation" or by citing to another section that relies on such an interpretation. Ex. 4 (Almeroth Supp. Rpt.), ¶¶ 815-816, 845-853.

20.     With respect to **Epstein**, Dr. Almeroth analyzes elements '398-1d, '398-1e, '313-1d, '313-1e, and '313-19d solely "under ASSIA's apparent interpretation" or by citing to another section that relies on such an interpretation. *Id.*, ¶¶ 911-918, 919-925, 942-950, 951-957, 976-977.

21.     With respect to **Chow**, Dr. Almeroth analyzes elements '398-1c, '398-1d, '398-1e, '313-1d, '313-1e, and '313-19d solely "under ASSIA's apparent interpretation" or by citing to another section that relies on such an interpretation. *Id.*, ¶¶ 996-1004, 1005-1012, 1013-1017, 1034-1042, 1043-1047, 1063-1064.

22.     Claim 3 of the '398 patent depends from independent claim 1. Ex. 2 ('398 patent) at 18:42-43. Claims 2, 4, and 7 of the '313 patent depend from independent claim 1. Ex. 3 ('313 patent) at 18:53-55, 18:59-62, 19:3-4.

23.     For Dr. Almeroth's invalidity theories for claim 20 of the '996 patent, claims 1 and 3 of the '398 patent, and claims 1, 2, 4, and 7 of the '313 patent based on the prior art references identified above, as well as his invalidity theories for claim 19 of the '313 patent in view of Epstein and Chow, Dr. Almeroth's anticipation and obviousness opinions rely, for at least one limitation of each claim, on the discussion he labels "ASSIA's apparent interpretation" identified in ¶¶ 13–21 above, and he provides no alternative mapping of those limitations to the prior art that is not expressly qualified by that supposed "ASSIA's apparent interpretation." *Id.*

**B.     Dr. Almeroth's Conclusory Opinions as to Claim 3 of the '398 Patent and Claim 19 of the '313 Patent**

24.     Claim 3 of the '398 patent depends from claim 1 and further recites "based on a change in the operation, updating the policy." Ex. 2 ('398 patent) at 18:42-43.

25.     Claim 19 of the '313 patent is an independent claim that recites limitations, including (a) receiving data "from network monitoring devices that monitor data associated with an operation of two or more communication units located in at least two networks within the plurality of networks," and (b) "in response to the server detecting a degradation of network performance," communicating the policy to communication units to improve their performance. Ex. 3 ('313 patent) at 20:10-14, 20:17-24.

26.     For claim 3 of the '398 patent, each of Dr. Almeroth's discussions in ¶¶ 828-829 (as to Diener), ¶¶ 926-927 (as to Epstein), and ¶¶ 1018-1019 (as to Chow) consists of a single sentence that Diener, Epstein, or Chow "discloses and renders obvious this [claim] limitation" followed by a citation to elements of claim 1 of the '398 patent, with no separate discussion of the "based on a change in the operation, updating the policy" language in ¶¶ 828-829 as to the Diener reference, ¶¶ 926-927 as to the Epstein reference, and ¶¶ 1018-1019 as to the Chow reference. Ex. 4 (Almeroth Supp. Rpt.).

27.     For claim 19 of the '313 patent, each of Dr. Almeroth's discussions in ¶¶ 876-884 (as to Diener), ¶¶ 969-977 (as to Epstein), and ¶¶ 1057-1064 (as to Chow) consists of a single conclusory sentence that the reference "discloses and renders obvious [this claim limitation]" followed by a citation to other elements of claim 1 of the '313 patent, without separately analyzing the additional limitations of claim 19, including the "network monitoring devices that monitor data associated with an operation of two or more communication units located in at least two networks within the plurality of networks" and "degradation of network performance" requirements. Ex. 4 (Almeroth Supp. Rpt.).

## III.    RELEVANT LEGAL STANDARDS AND AUTHORITY

Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute of material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods., Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (citing *Anderson*, 477 U.S. at 247). All evidence is viewed "in the light most favorable to the party resisting the motion". *Seacor Holdings, Inc. v. Commonwealth Ins. Co.*, 635 F.3d 675, 680 (5th Cir. 2011) (citing *Anderson*, 477 U.S. at 248).

Because Charter bears the burden of proof on invalidity at trial, ASSIA may satisfy its initial burden on summary judgment by showing that there is an absence of evidence to support an essential element of Charter's invalidity defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). "[A] moving party seeking to have a patent held not invalid at summary judgment must show that the nonmoving party, who bears the burden of proof at trial, failed to produce clear and convincing evidence on an essential element of a defense upon which a reasonable jury could invalidate the patent." *Eli Lilly & Co. v. Barr Lab'ys, Inc.*, 251 F.3d 955, 962 (Fed. Cir. 2001).

## IV.    ARGUMENT

Charter bears the burden to prove invalidity of the asserted claims by clear and convincing evidence. To survive summary judgment, Charter must identify admissible evidence from which a reasonable jury could find that the relied-upon prior art anticipates or renders obvious every limitation of each challenged claim. Where the only invalidity evidence is expert testimony that is excluded, or that is so deficient that it does not analyze the claim limitations at issue, summary

judgment of no invalidity is appropriate. *See Eli Lilly*, 251 F.3d at 962; *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-cv-00125-JRG-RSP, 2023 WL 8535212, at *2 (E.D. Tex. Dec. 1, 2023), *report and recommendation adopted*, No. 2:22-cv-00125-JRG-RSP, 2023 WL 8534481 (E.D. Tex. Dec. 8, 2023).

A.    **Charter Cannot Demonstrate the Asserted Claims of the '996, '398, and '313 Patents Are Invalid Without Dr. Almeroth's Opinions**

Where the relevant technology is complex, as in this case, expert testimony is required if a party is to carry its burden of proving invalidity at trial. *See Perfect Web Techs., Inc. v. InfoUSA, Inc.*, 587 F.3d 1324, 1330 (Fed. Cir. 2009); *Function Media, L.L.C. v. Google, Inc.*, No. 2:07-cv-279-CE, 2011 WL 4017953, at *2 (E.D. Tex. Sept. 9, 2011). It is undisputed that Charter intends to rely exclusively on Dr. Almeroth as its technical expert to support its §§ 102 and 103 defenses for the '996, '398, and '313 patents. SOF 8-10.

Because Charter relies exclusively on Dr. Almeroth to supply the technical invalidity analysis for these claims and references, exclusion or legal insufficiency of his opinions on particular limitations leaves Charter with no evidence on essential elements of its invalidity defenses, satisfying ASSIA's initial burden under *Celotex*.

As detailed in the SOF and the Almeroth Mot., there are crucial gaps in Dr. Almeroth's opinions. For the prior art references and combinations at issue in this motion, his analysis either relies on improper shadow constructions based on superseded infringement contentions or is conclusory with respect to the additional limitations of claim 3 and claim 19. Once those opinions are excluded or disregarded, Charter has no admissible expert testimony to support its anticipation and obviousness defenses for the specific claims and prior art theories identified here. Summary judgment of no invalidity is therefore warranted.

**B.    Excluding the Shadow-Construction Opinions Leaves Charter Without Evidence of Invalidity for the Asserted Claims**

As explained in ASSIA's concurrently filed Almeroth Mot., Dr. Almeroth's shadow-construction invalidity opinions are explicitly premised on "ASSIA's apparent interpretation" of certain limitations, and that supposed "apparent interpretation" is drawn from Dr. Almeroth's own reading of ASSIA's outdated infringement contentions rather than any operative claim construction, ASSIA's final infringement contentions, or ASSIA's technical expert report. SOF 11-12; *see also* Almeroth Mot. § I(B)(2). Those opinions are inadmissible and should be excluded.

Should the Court exclude Dr. Almeroth's opinions and testimony subject to "ASSIA's apparent interpretation," his invalidity analysis will contain fatal holes. Charter will not be able to show by clear and convincing evidence that the asserted claims of the '996, '398 and '313 patents are invalid based on the prior art references and combinations identified below because key limitations have no admissible expert analysis tying them to the prior art.

With respect to the '996 patent, Charter and Dr. Almeroth will not be able to show that claim 20 is invalid based on Morris, Azenko/Starr, Klayman/Starr, and Agarwal/Starr. For each of those references or combinations, every limitation of claim 20 (other than the preamble) is addressed solely under what Dr. Almeroth calls "ASSIA's apparent interpretation," which is nothing more than his own undisclosed gloss on superseded infringement contentions rather than any operative claim construction or ASSIA position. SOF 13-17.

With respect to the '398 patent, Charter and Dr. Almeroth likewise cannot show that claims 1 and 3 are invalid based on Diener, Epstein, and Chow. For critical limitations of claim 1, his invalidity analysis again rests only on his self-styled "ASSIA's apparent interpretation" drawn from the same superseded infringement contentions, without any independent mapping under the

Court's constructions, the plain and ordinary meaning, or ASSIA's operative infringement contentions. SOF 18-21. Claim 3 depends from claim 1 and incorporates all elements of claim 1, so if Charter cannot establish invalidity of claim 1 it necessarily cannot carry its burden to prove claim 3 invalid.

With respect to the '313 patent, Charter and Dr. Almeroth will not be able to show that claims 1, 2, 4, and 7 are invalid based on Diener, Epstein, and Chow, or that claim 19 is invalid based on Epstein and Chow, for the same reason. SOF 18-21. Claims 2, 4, and 7 depend from claim 1 and incorporate all elements of claim 1, so Charter's inability to establish invalidity of claim 1 likewise defeats its invalidity theories for those dependent claims.

Without admissible testimony applying the Court's claim constructions (or the plain and ordinary meaning) to the prior art for these limitations, Charter cannot produce clear and convincing evidence that the relied-upon prior art discloses or renders obvious each and every limitation of the claims. Therefore, the Court should grant summary judgment of no invalidity of (1) claim 20 of the '996 patent based on Morris, Azenko/Starr, Klayman/Starr, and Agarwal/Starr; (2) claims 1 and 3 of the '398 patent _and_ claims 1, 2, 4, and 7 of the '313 patent based on Diener, Epstein, and Chow; and (3) claim 19 of the '313 patent based on Epstein and Chow.

As set forth in the Almeroth Mot., these shadow-construction opinions are not only inadmissible but also fail, even if considered, to create a genuine dispute of material fact because they rest on legally incorrect claim interpretations and superseded infringement contentions. _See, e.g._, _Magnolia Med. Techs., Inc. v. Kurin, Inc.,_ No. CV 24-1124-CFC, 2025 WL 3066429, at *1 (D. Del. Nov. 3, 2025); _Oxford Gene Tech. Ltd. v. Mergen Ltd._, 345 F. Supp. 2d 431, 436 (D. Del. 2004); _OneSubsea IP UK Ltd. v. FMC Techs., Inc._, No. 4:16-cv-0051, 2020 WL 7263266, at *5

(S.D. Tex. Dec. 10, 2020); *DataQuill Ltd. v. Handspring, Inc.*, 2003 WL 737785, at *4 (N.D. Ill. Feb. 28, 2003).

**C.    Excluding Dr. Almeroth's Conclusory Opinions Requires Summary Judgment of No Invalidity as to Claim 3 of the '398 Patent and Claim 19 of the '313 Patent**

Other than his shadow-construction opinions, Dr. Almeroth's treatment of dependent claim 3 of the '398 patent and independent claim 19 of the '313 patent is limited to single-sentence conclusions that Diener, Epstein, or Chow "discloses and renders obvious the claim limitation," followed by citations to portions of his analysis of different limitations in independent claim 1. SOF 24-27. He does not separately analyze the additional "based on a change in the operation, updating the policy" limitation of claim 3 of the '398 patent, or the additional "network monitoring devices that monitor data associated with an operation of two or more communication units located in at least two networks within the plurality of networks" and "degradation of network performance" requirements of claim 19 of the '313 patent, nor does he explain how the prior art satisfies those specific limitations. Such unexplained ipse dixit opinions are inadmissible under Rule 702 and *Daubert* and cannot assist the trier of fact.

For Charter's Diener-based invalidity theory on '313 claim 19, these one-sentence cross-references are the only opinions it has disclosed on the additional claim 19 limitations. Once they are excluded or disregarded, Charter has no expert testimony on those limitations and therefore no evidence from which a reasonable jury could find invalidity of claim 19 in view of Diener by clear and convincing evidence. Summary judgment of no invalidity is therefore warranted for '313 claim 19 as to that theory. For '398 claim 3 and for the Epstein/Chow-based invalidity theories on '313 claim 19, Dr. Almeroth's one sentence cross-references are the only non-shadow-construction opinions he offers on the additional limitations of those claims. They cannot fill the gaps left by his improper shadow-construction analysis.

Even if the Court were to consider Dr. Almeroth's conclusory statements, such naked assertions are legally insufficient to raise a genuine dispute of material fact. An expert's bare conclusion that prior art "discloses and renders obvious" a limitation, without analysis or explanation, cannot carry the clear-and-convincing burden of obviousness or anticipation. *General Elec. Co. v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997); *Finisar Corp. v. DirecTV Grp., Inc.*, No. 1:05-CV-264, 2006 WL 1207828, at *2 (E.D. Tex. May 2, 2006).

Accordingly, independent of the defects in Dr. Almeroth's shadow-construction opinions, summary judgment of no invalidity should also be granted (1) as to '398 claim 3 in view of Diener, Epstein, and Chow and '313 claim 19 in view of Diener because Charter has no admissible, non-conclusory expert analysis of the additional limitations of those claims beyond claim 1; and (2) as to '313 claim 19 in view of Epstein and Chow because Charter's theories rest only on a combination of improper shadow-construction mapping and the same inadmissible, conclusory cross-references regarding the additional claim 19 limitations.

## V.    CONCLUSION

In view of the foregoing, the Court should grant summary judgment holding that claim 20 of the '996 patent, claims 1 and 3 of the '398 patent, and claims 1, 2, 4, 7, and 19 of the '313 patent are not invalid under 35 U.S.C. §§ 102 and 103 as against the prior art references and combinations addressed in this motion: Morris, Azenko/Starr, Klayman/Starr, Agarwal/Starr, Diener, Epstein, and Chow.

December 3, 2025                         Respectfully submitted,


/s/ *Robert F. Kramer*

Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@krameralberti.com
David Alberti
CA Bar No. 220265 (Admitted E.D. Texas)
dalberti@krameralberti.com
Sal Lim
CA Bar No. 211836 (Admitted E.D. Texas)
slim@krameralberti.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
rtonkovich@krameralberti.com
Hong S. Lin
CA Bar No. 249898 (Admitted E.D. Texas)
hlin@krameralberti.com
Andrew Hamill (Admitted E.D. Texas)
CA Bar No. 251156
ahamill@krameralberti.com
Jeremiah A. Armstrong
CA Bar No. 253705 (*pro hac vice*)
jarmstrong@krameralberti.com
Zachariah Higgins
CA Bar No. 190225 (*pro hac vice*)
zhiggins@krameralberti.com
Curt Holbreich
CA Bar No. 168053 (Admitted E.D. Tex.)
cholbreich@krameralberti.com
**KRAMER ALBERTI LIM
& TONKOVICH LLP**
950 Tower Ave., Ste 1725
Foster City, CA 94404
Telephone: 650 825-4300
Facsimile: 650 460-8443


Nicole Glauser
Texas State Bar No. 24050694
nglauser@krameralberti.com
**KRAMER ALBERTI LIM
& TONKOVICH LLP**
500 W 2nd Street, Suite 1900
Austin, Texas 78701
Telephone: (737) 256-7784

Facsimile: (650) 460-8443

Melissa Richard Smith
Tex. State Bar No. 24001351
melissa@gillamsmith.com
**GILLAM & SMITH, LLP**
303 South Washington Ave.
Marshall, TX 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257

*Attorneys for Plaintiff*
*Adaptive Spectrum and Signal Alignment, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h) and the parties met and conferred by teleconference on December 1, 2025. Defendant opposes the relief sought in this motion.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on December 3, 2025, and any confidential versions are being served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer