IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ADAPTIVE SPECTRUM AND SIGNAL ALIGNMENT, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, INC., <br><br> Defendant. | CASE NO. 2:24-cv-00124-JRG-RSP <br><br> **JURY TRIAL DEMANDED** <br><br> **REDACTED VERSION** |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS PARTIALLY OPPOSED AND PARTIALLY UNOPPOSED MOTION FOR LEAVE TO SERVE SUPPLEMENTAL EXPERT REPORTS[1] (DKT. 209)**

---

[1] Unless otherwise noted, all emphasis is added.

## TABLE OF CONTENTS

I.   The Timing of Mr. Dell's Third Supplemental Report Reflects Diligence .............................. 1

II.  Charter Has Not Shown Prejudice Sufficient to Exclude Mr. Dell's Opinions ...................... 3

III. A Continuance Is Neither Necessary Nor Warranted ............................................................. 4

IV.  Mr. Dell's Third Supplemental Report Is Important to Damages Issues ............................... 5

V.   Conclusion ............................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*GREE, Inc. v. Supercell Oy*,
   No. 2:19-cv-00310-JRG-RSP, 2021 WL 1626740 (E.D. Tex. Apr. 26, 2021).......................... 2

*Image Processing Techs., LLC v. Samsung Elecs. Co., Ltd.*,
   No. 2:20-cv-00050-JRG-RSP, 2020 WL 2499810 (E.D. Tex. May 14, 2020) ......................... 4

*Implicit, LLC v. Trend Micro, Inc.*,
   No. 6:16-CV-00080-JRG, 2017 WL 11630761 (E.D. Tex. Jul. 21, 2017)............................. 4, 5

*Oyster Optics, LLC v. Coriant (USA) Inc.*,
   No. 2:16-CV-01302-JRG, 2018 WL 11448685 (E.D. Tex. Jan. 8, 2018) ............................. 4, 5

*Realtime Data, LLC v. Oracle Am., Inc.*,
   No. 6:16-CV-00088-RWS-JDL, 2016 WL 11702434 (E.D. Tex. Dec. 14, 2016) ................ 4, 5

*Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.*,
   No 4:19-CV-00066, 2021 WL 111508 (E.D. Tex. Jan. 12, 2021)......................................... 3, 4

## TABLE OF ABBREVIATIONS

| | |
|---|---|
| ASSIA or Plaintiff | Plaintiff Adaptive Spectrum and Signal Alignment, Inc. |
| Charter or Defendant | Defendant Charter Communications, Inc. |
| Asserted Patents | Collectively, U.S. Patent Nos. 11,770,313 (the "'313 patent"), 10,848,398 (the "'398 patent), 7,809,996 (the "'996 patent), and 11,050,654 (the "'654 patent) |
| Souri Second Supplemental Report | Second Supplemental Expert Report of Shukri J. Souri, Ph.D. Regarding Infringement of U.S. Patent Nos. 11,770,313, 10,848,398 and 7,809,996, served October 21, 2025 |
| Kramer Second Supplemental Report | Second Supplemental Expert Report of Dr. Richard A. Kramer Concerning Infringement of U.S. Patent No. 11,050,654, served October 21, 2025 |
| Dell Second Supplemental Report | Second Supplemental Expert Report of Stephen E. Dell, CVA Relating to Damages, served October 21, 2025 |
| Second Supplemental Reports | Collectively, Souri Second Supplemental Report Kramer Second Supplemental Report and Dell Second Supplemental Report |
| Dell 3rd Supp. Rpt. | Third Supplemental Expert Report of Stephen E. Dell, CVA Relating to Damages, served November 14, 2025 |
| Becker Rpt. | Expert Report of Stephen L. Becker, Ph.D. on behalf of Charter Communications, Inc., served October 24, 2025 |
| ▮▮▮▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮ Bates numbered CHARTER_ASSIA_00508000 – CHARTER_ASSIA_0058035 |
| ▮▮▮▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮▮▮▮ Bates numbered ASSIA_CHARTER-00158422 – ASSIA_CHARTER-00158454 |
| ▮▮▮▮▮▮ | ▮▮▮▮▮▮ Bates numbered ▮▮▮▮▮▮ |
| ▮▮▮▮▮▮▮ | ▮▮▮▮▮▮▮ Bates numbered CHARTER_ASSIA_00508036 – CHARTER_ASSIA_00508039 |

## TABLE OF EXHIBITS

| | |
|---|---|
| Ex. 1 | Second Supplemental Expert Report of Dr. Richard A. Kramer Concerning Infringement of U.S. Patent No. 11,050,654, served October 21, 2025 |
| Ex. 2 | Second Supplemental Expert Report of Shukri J. Souri, Ph.D. Regarding Infringement of U.S. Patent Nos. 11,770,313, 10,848,398, and 7,809,996, served October 21, 2025 |
| Ex. 3 | Second Supplemental Expert Report of Stephen E. Dell, CVA Relating to Damages, served October 21, 2025 |
| Ex. 4 | Third Supplemental Expert Report of Stephen E. Dell, CVA Relating to Damages, served November 14, 2025 |
| Ex. 5 | September 11, 2025 email from Charter requesting production of ▮▮▮▮ |
| Ex. 6 | Charter's Tenth Supplemental Responses and Objections to ASSIA's First Set of Interrogatories (Nos. 1–18), dated September 30, 2025 |
| Ex. 7 | Patent License Agreement ▮▮▮▮ Bates ▮▮▮▮) |
| Ex. 8 | Binding Commitment Letter Agreement ▮▮▮▮ Bates CHARTER_ASSIA_00508036–39) |
| Ex. 9 | Expert Report of Stephen L. Becker, Ph.D. on behalf of Charter Communications, Inc., served October 24, 2025 |
| Ex. 10 | Email correspondence between counsel for ASSIA and counsel for Charter regarding Charter's post-deadline ▮▮ subpoena and related discovery issues, dated October 2–21, 2025 |
| Ex. 11 | November 14, 2025 email regarding whether Charter would oppose ASSIA's motion for leave to serve supplemental reports |
| Ex. 12 | November 18, 2025 email discussing timing of ▮▮ production and preparation of the Dell Third Supplemental Report |
| Ex. 13 | November 19, 2025 email regarding ASSIA's non-opposition to Charter's responsive rebuttal report of Dr. Becker |

ASSIA's motion arises because Charter injected two new agreements into its damages analysis after the close of fact discovery and after the deadline for ASSIA to serve supplemental expert reports. Charter now seeks to rely on those agreements while preventing ASSIA's damages expert from responding. The *Raytheon* factors do not support that result. Fundamental fairness and the governing case law require that ASSIA be permitted to present a targeted, responsive expert opinion so that the factfinder does not hear a one-sided account of these agreements.

I.  **The Timing of Mr. Dell's Third Supplemental Report Reflects Diligence**

Charter's opposition rests on the premise that ASSIA was not diligent, but the record does not support that claim. Charter produced the ███████████████ on October 17, 2025. The timing of Dell's Third Supplemental Report flows directly from that production. Charter argues that ASSIA lacked diligence because Mr. Dell did not include his opinions on these agreements in his Second Supplemental Report served on October 21, 2025, just two business days after Charter's production. That argument assumes ASSIA was required to finalize and disclose expert opinions addressing newly produced agreements while post-production discovery issues remained unresolved. As of October 21, ASSIA and Charter were still discussing whether additional discovery would occur related to ███████████ After October 21, once those issues were resolved, ASSIA proceeded with reasonable diligence under the circumstances to serve Dell's Third Supplemental Report.

Charter identifies no authority holding that a party must immediately finalize expert opinions on newly produced agreements or forfeit the right to respond. Charter's attempt to recast diligence as a race ignores that the relevant inquiry is not which party moved the fastest, but whether ASSIA acted reasonably once Charter disclosed and produced those agreements. Neither *GREE* nor Charter's other cases impose a requirement of immediate expert supplementation

1

following resolution of discovery discussions, as opposed to a reasonable evaluation and preparation period.

*GREE* is fundamentally a diligence-and-notice case. There, the court emphasized contemporaneous notice, meet-and-confer efforts, and expeditious supplementation following the triggering event. *GREE, Inc. v. Supercell Oy*, No. 2:19-cv-00310-JRG-RSP, 2021 WL 1626740, at *5 (E.D. Tex. Apr. 26, 2021). Nothing in *GREE* supports Charter's contention that ASSIA was required to disclose expert opinions addressing agreements Charter had not timely produced or clearly identified as part of its damages case. To the contrary, *GREE* underscores that diligence is evaluated in context, including whether the opposing party was given timely notice and a fair opportunity to respond. Charter's conduct is the opposite of the diligence credited in *GREE*. Charter knew of the ▓▓▓▓▓▓▓▓ weeks earlier, yet did not disclose its intent to rely on the ▓▓▓▓▓▓ until the last day of September (and never disclosed its intent to rely on the ▓▓▓▓▓▓ [2]) and did not produce either agreement until October 17. That lack of contemporaneous notice deprived ASSIA of a fair opportunity to incorporate those agreements into Dell's Second Supplemental Report.

Charter's attempt to portray this motion as part of a broader "pattern" is incorrect and does not withstand scrutiny or bear on the *Raytheon* analysis. Prior motion practice regarding ASSIA's amended infringement contentions resulted in the Court providing a continuance without any finding of sandbagging or lack of diligence. Charter's assertion that ASSIA withheld the ▓▓▓▓▓▓▓▓▓▓ is likewise misplaced. That agreement involves different patents concerning a different PMA technology than the one at issue here, and is not the basis for Dell's

---

[2] Charter incorrectly states that its supplemental interrogatory response identifies both the ▓▓▓▓▓▓▓▓▓▓▓▓ Opp. 3. Its response identified only the ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ Ex. 6 at 96.

2

Third Supplemental Report. By contrast, the agreements at issue here were executed after fact discovery closed, did not involve ASSIA, and were produced by Charter after the relevant deadlines. Charter also incorrectly characterizes Dr. Kramer's errata as new opinions. The errata merely clarified an ambiguity in the manner sought by Charter during a meet and confer for its intended motion to strike, while remaining fully consistent with the original opinions. None of these issues alters the question before the Court, which is whether ASSIA may serve a targeted, responsive damages opinion addressing agreements Charter itself belatedly injected into the case.

**II.     Charter Has Not Shown Prejudice Sufficient to Exclude Mr. Dell's Opinions**

The record does not support Charter's claim of prejudice, much less substantial prejudice. Charter acknowledges that its expert addressed the agreements in his October 24 report (Opp. 8), while simultaneously characterizing Mr. Dell's opinions as "not important" and "add[ing] nothing of significance" (Opp. 12). Those characterizations undermine any claim of material prejudice.

Moreover, Charter chose not to pursue avenues available to respond to the Third Supplemental Report. At least two expert depositions remained open after the report was served, but Charter did not seek to depose Mr. Dell during that time. Moreover, it opted not to depose Mr. Dell about *any* of the other agreements that Dr. Becker deemed comparable. Having made that choice, Charter cannot plausibly claim significant prejudice from the absence of testimony specific to the ▮▮▮▮▮▮▮▮▮▮▮▮ ASSIA also expressly stated it would not oppose Charter serving a responsive rebuttal report. Ex. 13. Charter declined to do so. Where a party declines a narrowly tailored opportunity to respond, it cannot convert that strategic choice into a claim of incurable prejudice.

The cases Charter cites do not compel exclusion. Opp. 9-11. In *Sportspower*, the court recognized prejudice from a supplemental report served five months late, but nonetheless denied the exclusion because the prejudice could be cured, including through supplemental rebuttal

3

reports. *Sportspower Ltd. v. Crowntec Fitness Mfg. Ltd.,* No 4:19-CV-00066, 2021 WL 111508, at *2-3 (E.D. Tex. Jan. 12, 2021). That reasoning weighs against exclusion here, where Charter declined precisely that cure. *Oyster, Implicit,* and *Realtime* involved late amendments that fundamentally expanded the scope of the case by adding new products or requiring substantial new fact discovery and claim construction. *Oyster Optics, LLC v. Coriant (USA) Inc.*, No. 2:16-CV-01302-JRG, 2018 WL 11448685, at *2-3 (E.D. Tex. Jan. 8, 2018); *Implicit, LLC v. Trend Micro, Inc.*, No. 6:16-CV-00080-JRG, 2017 WL 11630761, at *2 (E.D. Tex. Jul. 21, 2017); *Realtime Data, LLC v. Oracle Am., Inc.*, No. 6:16-CV-00088-RWS-JDL, 2016 WL 11702434, at *4 (E.D. Tex. Dec. 14, 2016). Dell's Third Supplemental Report does neither. It addresses only the relevance and comparability of agreements Charter itself chose to rely upon after the close of fact discovery and supplemental report deadline.

Charter's argument that ASSIA is categorically barred from serving an expert opinion about the ▮▮▮▮▮▮▮▮ because ASSIA bears the burden of proof on damages (Opp. 8) misstates the law. Courts in this District permit supplemental expert opinions where a party could not reasonably be expected to address an issue until the opposing party injected it into the case. *Image Processing Techs., LLC v. Samsung Elecs. Co., Ltd.*, No. 2:20-cv-00050-JRG-RSP, 2020 WL 2499810, at *3 (E.D. Tex. May 14, 2020). In *Image Processing*, the court allowed a supplemental report even after a rebuttal report, emphasizing that fairness, not chronology, controls. *Id*. That principle applies here. Dell's Third Supplemental Report analyzes issues that could not have been addressed until Charter injected the agreements into the case after the close of fact discovery and deadline for supplemental reports.

III.   **A Continuance Is Neither Necessary Nor Warranted**

The parties agree a continuance is <u>not</u> appropriate. Charter argues it would reward a lack of diligence, but that premise fails for the reasons above and ignores Charter's own late production

4

of the agreements. Charter also contends that curing prejudice would require additional expert reports, depositions, and motion practice. Yet it declined to depose Mr. Dell or serve a rebuttal report, which ASSIA did not oppose. ASSIA served the Third Supplemental Report on November 14, and *Daubert* motions were not due until December 3, giving Charter a full opportunity to challenge those opinions without any extension of deadlines. Indeed, Charter did so in its motion to exclude. *See* Dkt. 219 at 14-15. Under these circumstances, exclusion is not warranted.

Charter's cases do not support finding incurable prejudice. Opp. 11-12. Each case involved late attempts to amend infringement contentions, fundamentally expanding the case and requiring reopened discovery or claim construction. *Implicit,* 2017 WL 11630761, at *2; *Realtime Data,* 2016 WL 11702434, at *4; *Oyster Optics,* 2018 WL 11448685, at *2-3. No such disruption is present here, and any minimal prejudice could have been cured through a rebuttal report.

### IV.     Mr. Dell's Third Supplemental Report Is Important to Damages Issues

The importance factor favors allowing Dell's Third Supplemental Report. Charter relies on the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in its damages analysis, and Mr. Dell's opinions address their relevance and comparability. Excluding those opinions would leave the late-produced agreements untested, presenting the jury with a one-sided damages narrative. Charter's criticisms of specific paragraphs of the report go to weight and cross-examination, not exclusion. The testimony plainly bears on issues the jury must resolve to the extent Charter is permitted to rely on those agreements.

### V.      Conclusion

For these reasons and the record before the Court, ASSIA respectfully requests that the Court grant its motion for leave and permit service of Mr. Dell's Third Supplemental Report (Ex. 4), as well as the other supplemental reports for which there is no opposition (Exs. 1-3).

|  |  |
|---|---|
| December 15, 2025 | Respectfully submitted, |
|  | /s/ *Nicole Glauser* |

Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@krameralberti.com
David Alberti
CA Bar No. 220265 (Admitted E.D. Texas)
dalberti@krameralberti.com
Sal Lim
CA Bar No. 211836 (Admitted E.D. Texas)
slim@krameralberti.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
rtonkovich@krameralberti.com
Hong S. Lin
CA Bar No. 249898 (Admitted E.D. Texas)
hlin@krameralberti.com
Andrew Hamill (Admitted E.D. Texas)
CA Bar No. 251156
ahamill@krameralberti.com
Jeremiah A. Armstrong
CA Bar No. 253705 (*pro hac vice*)
jarmstrong@krameralberti.com
Zachariah Higgins
CA Bar No. 190225 (*pro hac vice*)
zhiggins@krameralberti.com
Curt Holbreich
CA Bar No. 168053 (Admitted E.D. Tex.)
cholbreich@krameralberti.com
**KRAMER ALBERTI LIM**
**& TONKOVICH LLP**
950 Tower Ave., Ste 1725
Foster City, CA 94404
Telephone: 650 825-4300
Facsimile: 650 460-8443

Nicole Glauser
Texas State Bar No. 24050694
nglauser@krameralberti.com
**KRAMER ALBERTI LIM**
**& TONKOVICH LLP**
500 W 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (737) 256-7784
Facsimile: (650) 460-8443

6

> Melissa Richard Smith
> Texas State Bar No. 24001351
> melissa@gillamsmith.com
> **GILLAM & SMITH, LLP**
> 303 South Washington Ave.
> Marshall, TX 75670
> Telephone: 903-934-8450
> Facsimile: 903-934-9257
>
> *Attorneys for Plaintiff*
> *Adaptive Spectrum and Signal Alignment, Inc.*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Rule CV-5(a)(3), and all confidential versions will be served by electronic mail on December 15, 2025

<i><u>Nicole Glauser</u></i>

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 22) entered in this case on July 22, 2024.

<i><u>/s/ Nicole Glauser</u></i>

7