# EXHIBIT 10

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TEXARKANA DIVISION



| | | |
|---|---|---|
| PANTECH CORPORATION and PANTECH WIRELESS, LLC | § § § § § | |
| *Plaintiffs*, | § | |
| v. | § § | Case No. 5:22-cv-00069-RWS |
| ONEPLUS TECHNOLOGY (SHENZHEN) CO., LTD., | § § § § | **JURY TRIAL DEMANDED** |
| *Defendant*. | § § | |

## ORDER

Before the Court is Plaintiffs Pantech Corporation and Pantech Wireless, LLC's Motion for Leave to Reopen Expert Discovery to Supplement Expert Report (Docket No. 369), which is opposed by Defendant OnePlus Technology (Shenzhen) Co., Ltd. (Docket No. 373). Having considered both party's arguments, Plaintiffs' motion is **DENIED**.

When considering motions for leave to file expert reports out-of-time, the Court considers "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004).

Plaintiffs move to reopen discovery before the retrial on damages to submit a new license and supplement sales data. Docket No. 369. According to Plaintiffs, the new license "is crucial to the damages theories and a key dispute between the parties, namely whether Pantech's comparable licenses are FRAND" and updating the sales data will "allow[] for a full consideration of the infringing sales through the date of the verdict." *Id.* at 4, 12–13. Plaintiffs assert there would be no prejudice to Defendant because Plaintiffs' expert will use the same methodology for both the updated sales data and the new license. *Id.* at 8–11. Plaintiffs also explain their position that neither

the new license nor the updated sales data were available earlier. *See id.* at 7–8. Finally, Plaintiffs claim that although a continuance is unnecessary, one would be available. *Id.* at 11.

Plaintiffs' motion ignores the late stage of this litigation—this is a retrial on damages that is occurring because of an excessive verdict. *See* Docket No. 360 at 27–31. Allowing Plaintiffs to exploit this situation to reopen expert discovery and present expanded damages theories would be unfair and prejudicial. Defendant's response persuasively, and thoroughly, explains why none of the factors weighs towards reopening expert discovery. *See* Docket No. 373.

First, Plaintiffs have not shown good cause to reopen expert discovery for the new license agreement. Defendant argues that Plaintiffs had "asymmetrical access" to these settlement materials for months because a settlement was reached in principle as early as June 20, 2024 and that agreed term sheets and drafts of the final settlement were exchanged by July 22, 2024. *See id.* at 8. Supplementation would be prejudicial because Plaintiffs have had months to investigate this new license. *Id.* at 8– 9. Defendant also contends that this new license is not critically important because, at most, it is cumulative to the other four settlement agreements that Plaintiffs' expert relied on during the first trial. *Id.* at 7. Moreover, Defendant notes that this new license was obtained years after the hypothetical negotiation date and was negotiated during litigation— notably after Plaintiffs had obtained an excessive verdict against Defendant. *See id.* The Court agrees—the alleged importance Plaintiffs place on this new license is overstated. Further, Defendant reasonably argues that it would need time to perform discovery to address this new license—for example to investigate the existence of unproduced agreements. *See id.* at 10–11. Defendant correctly argues that such discovery would require a continuance, which is inappropriate here given that retrial is weeks away. *See id.* at 11–12. The case needs to be retried this year, and the Court struggled as it was to find available days during which to try it.

Second, Plaintiffs' request to supplement its interim sales is unsupported for similar reasons. While updating sales data before trial is typically a normal practice before trial, Plaintiffs have not shown that such supplementation should be allowed for this *retrial*. Moreover, Defendant explains that Plaintiffs seek to unilaterally update the interim sales with third-party sales data and that Plaintiffs never asked Defendant to supplement its own sales data. *Id.* at 8. This fact not only shows that the parties did not have a meaningful meet and confer, but it also shows a strategic effort to prejudice Defendant. Defendant also mentions the updated sales data is unimportant given that the additional sales are relatively small. *Id.* Finally, Plaintiffs do not explain why they are entitled to update their expert report to cover interim sales when their damages theory in the original trial did not include future damages. *See* Docket No. 254 at 28. The Court is not convinced that it would be proper to allow Plaintiffs to obtain damages they would not have been entitled to if the jury's first damages verdict had not been infected by prejudice.

For these reasons, Plaintiffs' motion to reopen expert discovery is **DENIED**.

**So ORDERED and SIGNED this 12th day of September, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE