███████████████████████████████

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS

### MARSHALL DIVISION

|  |  |
|---|---|
| ADAPTIVE SPECTRUM AND SIGNAL ALIGNMENT, INC., | CASE NO. 2:24-cv-00124-JRG-RSP |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | ████████████████ |
| CHARTER COMMUNICATIONS, INC., | **<u>REDACTED VERSION</u>** |
| Defendant. |  |

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO CHARTER'S MOTION FOR LEAVE TO MODIFY THE SCHEDULING ORDER TO CONDUCT LIMITED ADDITIONAL DISCOVERY (DKT. 358)[1,2]**

---

[1] Unless otherwise noted, all numbered exhibits refer to the exhibits attached to the Declaration of Nicole Glauser, dated June 5, 2026 ("Glauser Dec."), filed concurrently in support of its Opposition brief.

[2] Nothing in this sur-reply waives, concedes, or modifies any argument or position ASSIA has taken in ASSIA's pending Motion to Strike Portions of Dr. Becker's Rebuttal Report (Dkt. No. 211) or in ASSIA's Opposition to Charter's Motion to Exclude Mr. Dell (Dkt. No. 236).

████████████████████

## TABLE OF CONTENTS

**I.**   CHARTER'S REPLY DOES NOT CURE ITS LACK OF DILIGENCE ............................. 1

**II.**   ████ IS NOT IMPORTANT ENOUGH TO REOPEN DISCOVERY AND DELAY ......... 2

**III.**  REOPENING DISCOVERY WOULD PREJUDICE ASSIA ................................................ 4

**IV.**  CONCLUSION.................................................................................................................... 5

**TABLE OF AUTHORITIES**

**Cases**

*Amgen Inc. v. Hospira, Inc.*,
    944 F.3d 1327 (Fed. Cir. 2019).................................................................................. 2, 3

*Aqua Shield v. Inter Pool Cover Team*,
    774 F.3d 766 (Fed. Cir. 2014)...................................................................................... 3

*Enplas Display Device Corp. v. Seoul Semiconductor Co.*,
    909 F.3d 398 (Fed. Cir. 2018)...................................................................................... 5

*Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*,
    No. 2:22-cv-00125-JRG-RSP (E.D. Tex. Dec. 5, 2023)........................................... 4, 5

*Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*,
    No. 2:15-CV-00011-RSP, 2018 WL 3089701 (E.D. Tex. Mar. 7, 2018).............................. 2, 3

*Gauthier v. Union Pac. R.R. Co.*,
    No. 1:07-CV-12 (TH/KFG), 2009 WL 10676647 (E.D. Tex. Mar. 10, 2009) ............................ 1

*Gen. Elec. Cap. Bus. Asset Funding Corp. v. S.A.S.E. Mil. Ltd.*,
    No. Civ. SA-03-CA-189-RF, 2004 WL 5495589 (W.D. Tex. Oct. 8, 2004) ............................ 4

*Grain Processing Corp. v. Am. Maize-Prods. Co.*,
    185 F.3d 1341 (Fed. Cir. 1999)...................................................................................... 2

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009)...................................................................................... 3, 5

*Newberry v. Disc. Waste, Inc.*,
    No. 4:19-cv-00147, 2020 WL 363775 (E.D. Tex. Jan. 22, 2020) ............................ 5

*Pers. Audio, LLC v. Apple, Inc.*,
    No. 9:09-CV-111, 2011 WL 3269330 (E.D. Tex. July 29, 2011) ........................................ 2, 3

*Reliance Ins. Co. v. Louisiana Land & Expl. Co.*,
    110 F.3d 253 (5th Cir. 1997) ........................................................................................ 5

███████████████████████████████████

**TABLE OF ABBREVIATIONS**

| | |
|---|---|
| ASSIA or Plaintiff | Plaintiff Adaptive Spectrum and Signal Alignment, Inc. |
| Charter or Defendant | Defendant Charter Communications, Inc. |
| '313 Patent | U.S. Patent No. 11,770,313 |
| ████ | ████████████████████ |
| ████ | ██████████████ |
| NIA | Non-Infringing Alternative |
| Mot. | Defendant Charter Communications, Inc.'s Opposed Motion for Leave to Modify the Scheduling Order to Conduct Limited Additional Discovery (Dkt. No. 358) |

iii

Charter's Reply confirms its motion should be denied. Charter knew of and controlled the facts concerning its ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ yet did not disclose them until the eve of trial—now 4 business days away. Its Reply confirms that ▮▮▮▮▮▮▮▮▮▮ at the November 2020 hypothetical negotiation and that Dr. Becker's damages numbers would not change. What Charter seeks is a late opportunity to attack Mr. Dell's lump-sum damages analysis using post-hoc alleged ▮▮▮▮▮▮ that would not have informed the hypothetical negotiation. And far from "limited," the requested discovery would trigger supplemental fact and expert discovery, new expert reports, and renewed motion practice, necessarily delaying trial for months. Granting the motion would reward Charter's tactical withholding and unfairly prejudice ASSIA.

## I.    CHARTER'S REPLY DOES NOT CURE ITS LACK OF DILIGENCE

Rule 16 requires diligence, and Charter's Reply confirms it cannot make that threshold showing. Charter's Reply reframes its disclosure obligation as attaching only to facts responsive to outstanding discovery, not to internal evaluations. Reply at 3-4. But Charter's own admitted facts show conduct far beyond internal evaluation that is responsive to ASSIA's outstanding NIA interrogatories, long before Charter disclosed anything. Charter admits that ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ before disclosing it to ASSIA. Dkt. 358-9 ¶¶ 6-10. That ▮▮▮▮▮▮ was responsive to ASSIA's interrogatories concerning NIAs ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ more broadly." Dkt. 358-9 ¶¶ 6-7. The delay is further underscored by Charter's failure to disclose ▮▮▮ even in ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮" Dkt. 358-9 ¶ 9. A delay of that length is far outside the bounds of diligence. *See Gauthier v. Union Pac. R.R. Co.*, No. 1:07-CV-12 (TH/KFG), 2009 WL 10676647, at *4-5 (E.D. Tex. Mar. 10, 2009).

1



Charter's argument that it previously disclosed ███████████ does not solve the problem. Charter's briefing admits that ███████████████████████████████ ████████████████████████████████████ Reply at 3 ██████████████ ████████████████████████████████") ; Mot. at 8. Thus, Charter's new disclosure is not the mere ████████████████████ It is the untimely effort to ████████████████ needed to make that theory work. Charter's lack of diligence is dispositive, and the motion may be denied on that basis alone.

## II.    ████ IS NOT IMPORTANT ENOUGH TO REOPEN DISCOVERY AND DELAY

Charter grossly overstates the importance of the ████ evidence. Its claimed reduction from ██████████████████ depends on the improper use of post-hoc usage data as a royalty cap. Stripped of that improper use, the ████ evidence supplies no Rule 16 importance.

Charter's Reply confirms that ███████████████ at the hypothetical negotiation. Charter admits that ████████████████████████████████████ during fact discovery, which ended in May 2025. Reply at 3. There is therefore no dispute that ██████████████████████████ at the November 2020 hypothetical negotiation, more than four years earlier. Even a disclosed alternative must satisfy the requirement that the accused infringer had the equipment, know-how, experience, and commercial ability to implement it at the relevant time. *Grain Processing Corp. v. Am. Maize-Prods. Co.*, 185 F.3d 1341, 1353-54 (Fed. Cir. 1999). Charter's own timeline defeats that showing.

Charter's "exclude ASSIA's own evidence" argument rests on a false equivalence. ASSIA is not arguing that all post-hypothetical-negotiation evidence is inadmissible. Later evidence may be considered when it informs what the parties would have expected at the November 2020 negotiation. The problem is Charter's use of later operational facts for a different purpose: to reduce a lump-sum royalty based on Charter's ███████████████████████████

2

████████████████████████

*Personal Audio*, *Amgen*, and *Ericsson* do not authorize using ████████████ ████████ to cap a lump-sum royalty. They stand for the unremarkable proposition that later evidence may be considered in the hypothetical-negotiation analysis. *See Pers. Audio, LLC v. Apple, Inc.*, No. 9:09-CV-111, 2011 WL 3269330, at *10 (E.D. Tex. July 29, 2011); *Amgen Inc. v. Hospira, Inc.*, 944 F.3d 1327, 1341-42 (Fed. Cir. 2019). Indeed, this Court in *Ericsson* approved lump-sum opinions resting on "realistic projections of future sales," as Mr. Dell did here. *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-CV-00011-RSP, 2018 WL 3089701, at *7 (E.D. Tex. Mar. 7, 2018). What no case permits is Charter's converse move: using ██████████ as a presumptive cap on a 2020 lump-sum bargain.

In *Lucent*, the Federal Circuit explained that "a licensee to a lump-sum agreement, . . . cannot later ask for a refund from the licensor based on a subsequent decision not to use the patented technology. There is no provision for buyer's remorse." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1326 (Fed. Cir. 2009). *Aqua Shield* is consistent. The Federal Circuit held that a court errs by treating results actually achieved during infringement as a royalty cap, because that "incorrectly replaces the hypothetical inquiry into what the parties would have anticipated, looking forward when negotiating, with a backward-looking inquiry into what turned out to have happened." *Aqua Shield v. Inter Pool Cover Team*, 774 F.3d 766, 772 (Fed. Cir. 2014). Charter's own authority draws the line: post-negotiation later usage evidence may be considered only when it illuminates information the parties would have estimated during the negotiation. *Lucent*, 580 F.3d at 1333-34. Mr. Dell's sources, such as Charter's ████████████ its ████████ ██████ and the ████████████ are used for that purpose. Charter's ████████████████ ████████████████████████ is not. Dkt. 358-9 ¶ 6.

3



Charter's attempt to have it both ways underscores the problem. If ███████████ ████████████████████████████████████ there is nothing new for which to reopen discovery. If ████ ████████████████████████████████████████████████ and cannot be important to the November 2020 lump-sum negotiation. This Court already rejected an analogous attempt to use a later Charter business decision to undermine Mr. Dell's lump-sum opinions. Ex. 1: Mem. Order at 12-14, *Entropic Commc'ns, LLC v. Charter Commc'ns, Inc.*, No. 2:22-cv-00125-JRG-RSP (E.D. Tex. Dec. 5, 2023), ECF No. 368. Charter's Reply ignores that Order.

Finally, Charter admits that "Dr. Becker's damages numbers would not change" in light of ████████████████████████████████████ Reply at 5. That concession eliminates the importance Charter claims. The proposed Becker supplement is not a damages update at all. It is a new rebuttal attack on Mr. Dell's existing projections, based on facts Charter ████████████████████ ████████ Rule 26(e) does not authorize a new expert opinion under the guise of supplementation. *See Gen. Elec. Cap. Bus. Asset Funding Corp. v. S.A.S.E. Mil. Ltd.*, No. Civ. SA-03-CA-189-RF, 2004 WL 5495589, at *2 (W.D. Tex. Oct. 8, 2004).

## III.    REOPENING DISCOVERY WOULD PREJUDICE ASSIA

Charter's requested relief is not narrow and would necessarily and substantially delay trial. This case is now on the Court's order of trials, set for jury selection on July 10, 2026, only days away. To respond fairly if Charter's motion is granted, ASSIA would need (1) discovery into the ████████████████████████████████████████████ including documents, emails, and witnesses Charter controlled for months;[3] (2) supplemental technical and damages expert reports and expert depositions; (3) additional motions to strike and motions *in limine*; and (4) revised trial deposition designations and trial exhibits disclosures and objections.

---

[3] Charter's assertion that ASSIA's prior NIA questioning was "minimal" proves nothing. ASSIA had no reason or ability to take discovery on an undisclosed ███████████

Charter's statement that it will provide supplemental discovery "well in advance of trial" cannot be reconciled with that schedule. Reply at 5. The additional discovery and work would take months, unfairly prejudicing ASSIA alone. Any prejudice to Charter is self-inflicted. Charter possessed these facts for months before notifying ASSIA, and its offer to cooperate now, with trial imminent, does not erase its months of asymmetrical access to ███████████████████ ███████ The prejudice weighs against modification. *See Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257-58 (5th Cir. 1997); *Newberry v. Disc. Waste, Inc.*, No. 4:19-cv-00147, 2020 WL 363775, at *3 (E.D. Tex. Jan. 22, 2020).

Charter's offer to file a stipulation only if the motion is granted changes nothing. Reply at 4 n.1. A conditional stipulation does not cure Charter's late disclosure, and it does not alter the November 2020 lump-sum analysis. It is simply another litigation-driven statement of present intent, offered on the eve of trial. Charter's *Entropic* "track record" argument inverts the record. Reply at 4. The fact that Charter claims to have ██████████████████████ is irrelevant; ███████████████████████████████████████████ ███████████which is the deployment that is accused here and was also accused in *Entropic*. Exs. 6, 8.

Charter's cited prejudice cases are inapposite. *Enplas* vacated damages applied to non-accused products, whereas Mr. Dell applies a royalty only to ████████████*Enplas Display Device Corp. v. Seoul Semiconductor*, 909 F.3d 398, 412 (Fed. Cir. 2018). And *Lucent* vacated an award unsupported by the evidence, not an order denying eve-of-trial discovery. 580 F.3d at 1338.

## IV.    CONCLUSION

For the foregoing reasons, ASSIA respectfully requests that the Court deny Charter's motion and that Charter be precluded from introducing any evidence, argument, or testimony regarding ████ or Charter's alleged █████████████

July 6, 2026

Respectfully submitted,

*/s/ Nicole Glauser*
Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@kramerllp.com
**KRAMER LLP**
1133 Broadway, Suite 1510
New York, NY 10010
Telephone: (415) 419-1895

Nicole Glauser
Texas Bar No. 24050694
nglauser@kramerllp.com
**KRAMER LLP**
500 W 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (212) 363-1492

David Alberti
CA Bar No. 220265 (Admitted E.D. Texas)
dalberti@albertilim.com
Sal Lim
CA Bar No. 211836 (Admitted E.D. Texas)
slim@albertilim.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
rtonkovich@albertilim.com
Hong S. Lin
CA Bar No. 249898 (Admitted E.D. Texas)
hlin@albertilim.com
Andrew Hamill
CA Bar No. 251156 (Admitted E.D. Texas)
ahamill@albertilim.com
James P. Barabas
NY Bar No. 3911484 (*pro hac vice*)
jbarabas@albertilim.com
Aidan Brewster
CA Bar No. 319691 (*pro hac vice*)
abrewster@albertilim.com
**ALBERTI LIM & TONKOVICH LLP**
950 Tower Lane, Suite 1725
Foster City, CA 94404
Telephone: (650) 825-4300
Facsimile: (650) 460-8443

6

Melissa Richard Smith
Tex. State Bar No. 24001351
melissa@gillamsmith.com
**GILLAM & SMITH, LLP**
303 South Washington Ave.
Marshall, TX 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Plaintiff*
*Adaptive Spectrum and Signal Alignment, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 6, 2026, and any confidential versions are being served by electronic mail.

*/s/ Nicole Glauser*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

Pursuant to Local Rule CV-5(a)(7), the undersigned counsel hereby certifies that authorization for filing under seal has been previously granted by the Court in the Protective Order (Dkt. 22) entered in this case on July 22, 2024.

*/s/ Nicole Glauser*

7